# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JEAN LAROCQUE, by and through her
Appointed Power of Attorney, DEIDRE
SPANG, on behalf of herself and all others
Similarly situated

                    Plaintiff,

v.

TRS RECOVERY SERVICES, INC.,
and
TELECHECK SERVICES, INC.

                      Defendants.

CIVIL ACTION
Docket No: 2:11-cv-00091-DBH

**ORDER ON MOTION FOR CLASS CERTIFICATION**

AND NOW, this ___ of _____, 2012, upon consideration of Plaintiff's Motion for Class Certification ~~(Dk. No. 43) (Motion),~~ and Defendants' response in opposition thereto ~~(Dk. No. 44), and Plaintiff's reply (Dk. No. 51)~~, and ~~after having heard oral argument by the parties on May 3, 2012, and for the reasons discussed~~ as set forth in the Court's Decision on Motion for Class Certification entered July 17, 2012 (~~Dk. No~~Doc. 56), it is hereby ORDERED and DECREED as follows:

1. The Motion is GRANTED in part and DENIED in part.

2. The Motion is GRANTED with respect to ~~Plaintiff's~~ proposed Class 1, ~~for the claims and reasons discussed in the Court's Decision on Motion for Class Certification entered July 17, 2012 (Doc. 56).~~ with one modification.  The Court certifies Class 1 ~~and defines it to include~~ defined as follows: "All natural persons with an address in the ~~State of Maine to whom Defendant TRS Recovery Services, Inc. sent~~ United States and its ~~initial collection form letter,~~

{W3333333.1}{W3321477.2}{W3321477.2}{W3320370.1}{W3320370.1}{W3320370.1}1

~~known as the~~ territories to whom Defendant TRS Recovery Services, Inc. sent its RECR3 letter~~,~~ between March 11, 2010 and the present." This class is certified for purposes of Plaintiffs' claim that TRS's use of a form letter known as the RECR3 letter is false or misleading under the Fair Debt Collection Practices Act ("FDCPA") or state counterparts, because (a) TRS is not authorized to redeposit a consumer's bounced check or to collect a returned check fee even if the merchant or TeleCheck was expressly authorized by law or agreement to collect a returned check fee by demand draft, or (b) the letter refers to "any applicable state tax" when no state tax is owed by the consumer.

3. The Motion is GRANTED with respect to ~~Plaintiff's~~ proposed Class 2, ~~for the claim and reasons discussed in the Court's Decision on Motion for Class Certification entered July 17, 2012 (Doc. 56).~~ with one modification. The Court certifies ~~Class 2 and defines in to include~~ a class defined as follows: "All natural persons with an address in the United States and ~~Territories~~ its territories to whom Defendant TRS Recovery Services, Inc. sent its ~~initial collection form letter, known as the~~ RECR3 letter~~,~~ between March 11, 2010 and the present and from whom one or both Defendants collected in whole or in part, within 30 days of the RECR3 letter, the debt or fee referenced in that RECR3 letter."~~-~~ This class is certified for purposes of Plaintiffs' claim that TRS's redeposit of a bounced check or collection of a returned check fee by demand draft within 30 days of sending the RECR3 letter constitutes "overshadowing" in violation of the FDCPA even if the merchant or TeleCheck was expressly authorized by law or agreement to collect a returned check fee by demand draft.

4. The Motion is DENIED as to ~~Plaintiff's~~ proposed Class 3.

5. The Motion is GRANTED ~~with respect to Plaintiff's~~ as to proposed Class 4~~, for the claim and reasons discussed in the Court's Decision on Motion for Class Certification~~

~~entered July 17, 2012 (Doc. 56).~~.  The Court certifies ~~Class 4 and defines in to include~~a class defined as follows: "All natural persons who have paid a returned check fee of $25.00 to at least one of the Defendants by way of a TRS Recovery Services, Inc. draft in connection with an underlying check transaction that occurred in the State of Maine since March 11, 2005."  The Court certifies this class for purposes of Plaintiffs' claim that TRS's collection of a returned check fee by demand draft, even if the merchant or TeleCheck was expressly authorized by law or agreement to collect a returned check fee by demand draft, violates Maine's Unfair Trade Practices Act, because it violates Maine Revised Statutes, Title 14, Chapter 712, or Maine public policy set forth therein, even if the consumer received a RECR3 letter more than 10 days prior to collection of the returned check fee.

6.  The Court appoints the law firms of Francis & Mailman, P.C. and Lewis Saul & Associates as Class Counsel.

7.  The Court appoints the law firms of Francis & Mailman, P.C. and Lewis Saul & Associates as Co-Lead Class Counsel.

8.  ~~Co-~~Lead Class Counsel shall have overall case management and litigation responsibility and shall assume and exercise the following powers and responsibilities in the most efficient manner that benefits the certified Classes:

   a.  to make all work assignments in such a manner as to promote the orderly and efficient conduct of this litigation and to avoid unnecessary duplication and expense;

   b.  to determine and present in pleadings, motions, briefs, oral argument or such other fashion as may be appropriate to the Court and opposing parties, the position of the Plaintiff and Classes as to all matters arising during all pretrial and trial proceedings;

   c.  to seek relief, including statutory and actual damages;

   d.  to act as spokesperson at pretrial conferences;

d.e.     to conduct or coordinate discovery on behalf of Plaintiff and the certified Classes consistent with the requirements of the Federal Rules of Civil Procedure;

e.f.     to sign all papers filed or submitted on behalf of Plaintiff and the certified Classes;

f.g.     to conduct all pre-trial, trial and post-trial proceedings on behalf of Plaintiff and the certified Classes;

g.h.     to select, employ, and consult with experts;

h.i.     to conduct settlement negotiations with Defendants on behalf of PlaintiffPlaintiffs and the Classes and to add such additional counsel as Lead Class Counsel may select, subject to the Court's approval;

i.j.     to otherwise coordinate and perform such other duties as Lead Class Counsel deem necessary or as authorized by further order of the Court;

j.k.     to recommend apportionment and allocation of fees and expenses; and

k.l.     to have authority overto act on behalf of Plaintiffs and the Classes with respect to all other matters concerning the prosecution or resolution of the action.

9.     Lead Class Counsel shall be responsible for communicating with the Court and are designated as the attorneys of record with whom the Court and the Defendants will be dealing throughout the course of this litigation.

9.10.     Class Counsel is ORDERED to maintain contemporaneous records of time and costs expended throughout this litigation.

11.     Any information furnished by Defendants regarding the identity, names or addresses of class members shall be used solely for purposes of this civil action.

10.12.     No later than _____, 2012, Class Counsel shall deliver to the Court's chambers, under seal, a copy of the fee agreement that they have entered into with Plaintiff, for *in camera* review.

SO ORDERED.

                                                                                                   _____

                                                                                **D. BROCK HORNBY**
                                                                                **UNITED STATES DISTRICT JUDGE**

*Formatted: Normal, Indent: Left: 0", First line: 0"*