**EXHIBIT F**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| JEAN LAROCQUE, by and through her Appointed Power of Attorney, DEIDRE SPANG, on behalf of herself and all others Similarly situated<br><br>                    Plaintiff,<br><br>v.<br><br>TRS RECOVERY SERVICES, INC., and<br>TELECHECK SERVICES, INC.<br><br>                    Defendants. | CIVIL ACTION<br>Docket No:  2:11-cv-00091-DBH |

## YOU ARE A MEMBER OF A CLASS ACTION

### *DO NOT THROW THIS AWAY. THIS IS NOT JUNKMAIL OR AN AD, YOU COULD LOSE RIGHTS OR BENEFITS*

[Name and address]

**Dear Mr/Ms.:**

You are a member of a class action in the case referenced above.  The reason for this notice is to explain what the case is about and why you are in it.  Please take a few minutes to review this notice as it may affect your rights to receive benefits, and it will explain what you need to know.

Records obtained from Defendants TRS Recovery Services, Inc. and Telecheck Services, Inc. indicate that you are a member of one or more of the following Classes certified by the Court:

1. All natural persons with an address in the United States and its territories to whom Defendant TRS Recovery Services, Inc. sent its RECR3 letter between March 11, 2010 and the present.

2. All natural persons with an address in the United States and its territories to whom

       Defendant TRS Recovery Services, Inc. sent its RECR3 letter between March 11, 2010 and the present and from whom one or both Defendants collected in whole or in part, within 30 days of the RECR3 letter, the debt or fee referenced in that RECR3 letter.

3. All natural persons who have paid a returned check fee of $25.00 to at least one of the Defendants by way of a TRS Recovery Services, Inc. draft in connection with an underlying check transaction that occurred in the State of Maine since March 11, 2005.

Because you are a member of one or more of the above Classes, you have a legal claim. There are some other things you need to know which are outlined below. If at any time after reading this notice you still have questions or want to discuss what this notice means, you can get more information by visiting the website www.TRSclassaction.com or calling one of the lawyers' offices free of charge.

There has been no money or benefit recovered to date, and there is no guarantee that there will be money or a benefit available in the future. However, the Court did grant a motion certifying the above three Classes, and *you have a choice to make now*.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS LAWSUIT

| **DO NOTHING** | **Stay in this lawsuit. Await the outcome. Give up certain rights.**<br><br>By doing nothing, you keep the possibility of getting money or benefits that may come from a trial or a settlement. But, you give up any rights to sue Defendants individually and to seek damages based on the events, transactions or practices covered by this lawsuit. You will give up those rights, even if class members get no money or benefits from a trial or settlement. |
|---|---|
| **ASK TO BE EXCLUDED** | **Remove yourself from this class action. Get no benefits or money. Keep certain rights**.<br><br>If you ask to be excluded and money or benefits are awarded later, you will not share in such recovery. But, you keep any rights you may have to sue Defendants separately based on the events, transactions or practices covered by this lawsuit. |

- Your options are explained in this notice. To ask to be excluded, you must act before _____, 2012.

- The Court has not yet decided who will win this case. The Plaintiff and her lawyers must prove the claims against Defendants at trial. If money or benefits are obtained from Defendants, you will be notified about how to obtain your share.

- Any questions? Read on and/or visit www.TRSclassaction.com or call 1-877-735-8600.

## **BASIC INFORMATION**

**1.     Why did I get this letter/notice?**

This notice was sent to you for one or more of three reasons:

A.     Because a collection agency called TRS Recovery Services sent you a letter in an attempt to collect a debt that was similar to the letter that they sent to the Plaintiff Jean LaRocque.
B.     Because TRS sent you the letter and collected money from you for the debt mentioned in the letter within 30 days.
C.     Because you paid a returned check fee to TRS for a check transaction that occurred in Maine since March 11, 2005.

This letter explains that the Court has allowed, or "certified," a class action lawsuit that may affect you. You have legal rights and options that you may exercise before this lawsuit proceeds further. Judge D. Brock Hornby of the United States District Court for the District of Maine is overseeing this class action. The lawsuit is known as *LaRocque v. TRS Recovery Services, Inc. and Telecheck Services, Inc.,* Civil Action No. 11-91 (D. Maine).

**2.     What is this lawsuit about?**

There are several claims in the case.

The first claim is that Defendants' form collection letter is unlawful. Specifically, the claim is that the letter violated a federal law called the Fair Debt Collection Practices Act because it was misleading and deceptive by (a) stating that TRS will create a paper draft and submit it to a consumer's bank, when it has no authority to do so, even if the consumer agreed that a draft could be created and sent to the consumer's bank or the draft was otherwise permitted by law, and (b) referring to "any applicable state tax" without explaining what the tax is. Defendants deny that the letter is false or misleading.  Among other things, Defendants argue that (a) consumers who pay by check at merchants who subscribe to Defendants' services authorize TRS's collection in various ways, including but not limited to by agreeing to posted terms for check acceptance in stores and printed agreements they sign and (b) the letter states clearly the "Amount Due," clearly notes a tax will be owed only if there is "any applicable" and

does not claim any tax is due when it is not.

The second claim is that Defendants improperly collected funds from consumers who were sent the form collection letter within 30 days. Defendants deny that such collection is improper for a number of reasons, including the fact that the law in question says plainly that collection activities are allowed within 30 days of sending the letter.

The third claim is that TRS improperly collected returned check fees from Maine consumers. Defendants deny this claim for a number of reasons, including that such collection is not improper under any Maine law, especially when consumers have agreed at the time they write their checks to such collection, and that consumers are not harmed by collection of money they actually owe.

3. **What is a class action and who is involved?**

In a class action lawsuit, one or more people called the "Class Representative," in this case Jean LaRocque, sue on behalf of other people who have similar claims. In essence, the Class Represenative is the leader or "face" of the Class. All of the people together are called a "Class" or "Class Members." Mrs. LaRocque is also called the Plaintiff and the Class Representative and she is pursuing the above claims on behalf of the Classes. The companies she sued, TRS Recovery Services, Inc. and Telecheck Services, Inc., are called the Defendants. One court resolves the issues for everyone in the Classes, except for those people who choose to exclude themselves from the Classes.

4. **Why is this lawsuit a class action?**

The Court decided that this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts. Specifically, the Court found that:

• There are thousands of persons to whom TRS sent the form letter during the applicable period;

• There are legal questions and facts that are common to each of them;

• The claims of Plaintiff Jean LaRocque are typical of the claims of the rest of the Class;

• Mrs. LaRocque and the attorneys representing the Classes will fairly and adequately represent the interests of the Classes;

• The common legal questions and facts are more central to the lawsuit than questions that affect only individuals; and

• This class action will be more efficient than having many individual lawsuits.

More information about why the Court is allowing this lawsuit to be a class action is in

the Court's Order certifying the Classes, which is available at www.TRSclassaction.com.

## THE CLAIMS IN THE LAWSUIT

**5.**

**6.**     .

**7.     Has the Court decided who is right?**

The Court has not yet decided whether the Defendants have violated the law or whether the Plaintiffs or the Class are entitled to any money.

**8.     What is the Plaintiff asking for?**

The Plaintiff will ask the Court to award money, known as statutory damages, to each Class in the maximum amount of $500,000 for each Defendant, or a total of $1,000,000. Defendants claim the maximum amount allowable is $500,000, not $1,000,000. The Plaintiff will also ask the Court to order Defendants to return all monies unlawfully collected.

**9.     Is there any money available now?**

No money or benefits are available now because the Court has not yet decided whether Defendants did anything wrong or whether or how much Defendants should pay the Class in damages. There is no guarantee that money or benefits will ever be obtained. If they are, you will be notified about how to ask for a share.

## WHO IS IN THE CLASS

You need to decide whether you are affected by this lawsuit.

**10.     Am I in one or more of the three Classes? Who is?**

The Court decided that the three categories of consumers described on the first page of this notice are in the three Classes. Don't worry if you do not remember receiving such a letter or paying such fees. The Defendants' own records demonstrate that you were sent the letter and/or that you paid the fees. Thus, it is very likely that you are a member of one of the Classes.

## YOUR RIGHTS AND OPTIONS

You have to decide whether to stay in the Class (do nothing right now) or ask to be excluded. You have until [*30 days from date of Notice*]_____, 2012, to exclude yourself.

**11.     What happens if I do nothing at all?**

You don't have to do anything now if you want to keep the possibility of getting money or benefits from this lawsuit. **By doing <u>nothing</u> you stay in the Class.** If you stay in the Class and the Plaintiff obtains money or benefits, either as a result of the trial or a settlement, you will be notified about how to apply for a share (or how to ask to be excluded from any settlement). Keep in mind that if you do nothing now, regardless of whether the Plaintiff wins or loses the lawsuit, you will not be able to sue, or continue to sue, Defendants about the same events, transactions and practices that are the subject of this lawsuit. You will also be legally bound by all of the Orders the Court issues and judgments the Court makes in this class action.

**12.    Why would I ask to be excluded?**

If you already have a lawsuit against the Defendants for similar claims and want to continue with it, or if you want to file a lawsuit covering similar claims, you need to ask to be excluded from the Class. If you wish to pursue any claims against the Defendants yourself arising out of collection of money from you on or after March 11, 2005, whether or not Mrs. LaRocque is pursuing that claim for you, you need to ask to be excluded from the Class. If you exclude yourself from the Class – which also means to remove yourself from the Class, and is sometimes called "opting-out" of the Class – you will not get any money or benefits from this lawsuit even if the Plaintiff wins damages at trial or there is a settlement (that may or may not be reached) between Defendants and the Plaintiff. However, you may then be able to sue or continue to sue Defendants on your own. If you exclude yourself, you will not be legally bound by the Court's judgments in this class action.

If you start your own lawsuit against Defendants after you exclude yourself, you'll have to seek damages in court, and you may have to hire and pay your own lawyer for that lawsuit. If you do exclude yourself so you can start your own lawsuit against Defendants, you should talk to your own lawyer soon, because your claims may be subject to a statute of limitations or other time-sensitive requirements.

**13.    How do I ask the Court to exclude me from the Class?**

To ask to be excluded, you must send an "Opt-Out Request" in the form of a letter sent by U.S. Mail, facsimile or e-mail stating that you want to be excluded from *LaRocque v. TRS Recovery Services*. Instructions on submitting a request to opt-out are also on the class action website, www.TRSclassaction.com. On the website you will also find a copy of a sample letter that you may use as a template to request to be excluded from *LaRocque v. TRS Recovery Services*. Be sure to include your name, address, and telephone number, and sign the letter. You must mail your Opt-Out Request postmarked by _____, 2012, to: *LaRocque v. TRS Recovery Services* Opt-Outs, P.O. Box ____, _____, or fax the letter to _____ or e-mail your request to optout@consumerlawfirm.com. In addition, you must mail a copy of your Opt-Out Request, also postmarked by _____, 2012 to Clifford Ruprecht, Esq., Pierce Atwood, LLP, 254 Commercial Street, Portland, ME 04101.

**THE ATTORNEYS REPRESENTING YOU**

**14.    Do I have an attorney in this case?**

The Court has certified the law firms of Francis & Mailman, P.C. and Lewis Saul & Associates as Class Counsel. The law firms and the attorneys are called "Class Counsel" and the contact information is as follows:

**FRANCIS & MAILMAN, P.C.**
James A. Francis, Esq.
100 S. Broad Street, 19th Floor
Philadelphia, PA  19110
(215) 735-8600
www.consumerlawfirm.com

**15.     Should I get my own attorney?**

You do not need to hire your own lawyer because Class Counsel is working on your behalf. But, if you want your own lawyer, you may retain one. For example, you can ask him or her to appear in Court for you if you want someone other than Class Counsel to speak for you.

**16.     How will the attorneys be paid?**

If Class Counsel get money or benefits for the Class, they will ask the Court for fees and expenses. You won't have to pay these fees and expenses. If the Court grants Class Counsel's request, the fees and expenses would either be deducted from any money obtained for the Class or paid separately by Defendants.

## THE TRIAL ON DAMAGES

**17.     How and when will the Court decide who is right?**

Unless the parties resolve the case by an agreed settlement, the Court will decide who is right.  The Court may decide that Defendants did not violate the law or that Plaintiffs and the Class are not entitled to be paid any money, without holding any trial.  Or the Court may schedule a trial to decide whether the Defendants violated the FDCPA or Maine law and/or how much the Defendants should pay the Class as a result of violating the FDCPA or Maine law.

**18.     Do I have to come to the trial?**

If there is a trial, you do not need to attend. Class Counsel will present the case for the Plaintiff and the Class, and Defendants will present their defenses. You or your own lawyer are welcome to attend at your own expense.

**19.     Will I get money after the trial?**

If at some point the Plaintiff obtains money or benefits as a result of the trial or a

settlement, and you did not exclude yourself from the Class, you will be notified about how to participate.  We do not know how long this will take.

### **GETTING MORE INFORMATION**

**20.    Are more details available?**

More information is available atthe website, www.TRSclassaction.com, where you will find the Court's Order certifying the Classes, Plaintiff's Class Action Complaint, the Defendant's Answer to the Complaint, as well as information about how to exclude yourself as a Class member. You may also speak to one of the attorneys working on this class action by calling: 1-800-735-8600 or e-mailing at the following address: info@consumerlawfirm.com