# EXHIBIT 1

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEAN LAROCQUE, by and through her Appointed Power of Attorney, DEIDRE SPANG, on behalf of herself and all others Similarly situated<br><br>                       Plaintiff,<br><br>v.<br><br>TRS RECOVERY SERVICES, INC., And TELECHECK SERVICES, INC.<br><br>                       Defendants. | CIVIL ACTION<br>Docket No:  2:11-cv-00091-DBH |

**DEFENDANT TELECHECK SERVICES, INC.'S SUPPLEMENTAL RESPONSE TO PLAINTIFF JEAN LAROCQUE'S FIRST SET OF INTERROGATORIES**

NOW COMES Defendant TeleCheck Services, Inc. ("TeleCheck"), pursuant to Fed. R. Civ. P. 33, and, with this Supplemental Response, answers Plaintiff Jean LaRocque's First Set of Interrogatories as follows and subject to the following general and specific objections and to the agreement between the parties governing the production of confidential documents:

**GENERAL OBJECTIONS**

The following General Objections are hereby incorporated into each of the Specific Objections and Answers as though fully set forth therein.

1. TeleCheck objects to the Interrogatories, including the Definitions and Instructions, and to each specific Interrogatory contained therein to the extent that they purport to seek information that is protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity.

2. TeleCheck objects to the Interrogatories, including the Definitions and Instructions, and to each specific Interrogatory contained therein to the extent that they purport to impose on TeleCheck duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure.

3. TeleCheck objects to the Interrogatories, including the Definitions and Instructions, and to each specific Interrogatory contained therein to the extent that they are argumentative, lack foundation and/or incorporate allegations and assertions that TeleCheck disputes. Any answer herein to a particular Interrogatory is not and shall not be deemed to be an admission or acknowledgement by TeleCheck as to the truth or accuracy of the allegations or assertions contained in the Interrogatories.

4. TeleCheck objects to the Interrogatories on the grounds that the Interrogatories, including all discrete subparts, exceed the 25 interrogatory limit set forth in Fed. R. Civ. P. 33(a)(1).

5. To the extent that any Interrogatory requests information limited in geographic scope to the United States, Defendant interprets "the United States" to include the 50 states, the District of Columbia, American Samoa, Federated States of Micronesia, Guam, Marshall Islands, Northern Mariana Islands, Palau, Puerto Rico, and the Virgin Islands of the United States.

## GENERAL OBJECTIONS TO SPECIFIC DEFINITIONS AND INSTRUCTIONS

1. TeleCheck objects to the definition of the term "Document" to the extent that it renders the Interrogatories and each specific Interrogatory contained therein overly broad and unduly burdensome. TeleCheck will interpret the term "Document" in conformity with TeleCheck's understanding of the term under Rule 34 of the Federal Rules of Civil Procedure.

2.  TeleCheck objects to the definition of the term "identify" as it is used in Paragraph F of Plaintiff's Definitions and Instructions to the extent that the term renders the Interrogatories and each specific Interrogatory contained therein overly broad and unduly burdensome.

3.  TeleCheck objects to the definition of the term "Defendant" given by Paragraph H to the extent that the definition brings within it entities other than the party answering these Interrogatories.  In accordance with that definition, "Defendant," as the term is used in the Answers set forth below, does not in every case mean the party answering these Interrogatories. To the extent an Interrogatory refers to "Defendant" and requests information about other such entities, TeleCheck has answered such an Interrogatory based on the information reasonably available to it, but denies that such answer necessarily pertains to TeleCheck or its business activities in any way.

## OBJECTIONS AND ANSWERS TO SPECIFIC INTERROGATORIES

**Interrogatory No. 1**: State the number of natural persons in the State of Maine from whom Defendant has taken a $25.00 returned check fee by way of draft, or the same type of fee in any other amount, from March 11, 2005 through the present.

**Objections and Answers to Interrogatory No. 1**: TeleCheck objects to Interrogatory No. 1 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, the following aspects of the Interrogatory are vague and/or unduly burdensome:

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by separating "natural persons" from the broader pool of persons that also includes corporations, partnerships, and other business forms.  Despite the

foregoing objection, Defendant has used a search filter reasonably calculated to separate natural persons from persons generally.  However, Defendant cannot warrant that its response below is limited only to natural persons.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by providing a number that corresponds to persons.  Defendant's records pertain to total collections made and this number may include multiple collections from one person.  Despite the foregoing objection, Defendant has filtered out duplicate account numbers from which collections have been made.  However, Defendant cannot warrant that its response below reflects unique persons, as unique persons may maintain multiple bank accounts.

- The Interrogatory is vague to the extent that it fails to define the phrase "in the State of Maine."  Defendant's records pertain to the location of the transaction, rather than the location of the person (however defined), and it would be unduly burdensome to present the data in any other way.  Therefore, Defendant's response concerns transactions that occurred in Maine, rather than the location of the person who engaged in the transaction.

Subject to and without waiving the foregoing objections, Defendant states that, from March 11, 2005 through August 4, 2011, Defendant collected a $25.00 returned check fee, or the same type of fee in any other amount, from 27,507 unique bank accounts where the underlying transaction occurred in Maine.

**Interrogatory No. 2**: Identify by name and address the persons who comprise your response to Interrogatory No. 1, and for each such persons list the date and amount for every returned check fee taken.

**Objections and Answers to Interrogatory No. 2**: TeleCheck objects to Interrogatory

No. 2 because it exceeds the scope of the current phase of discovery, and to the extent that it

seeks information that is irrelevant, not reasonably calculated to lead to the discovery of

admissible evidence, and of a proprietary or confidential nature.  TeleCheck further objects to the

extent that the disclosure of the information in question implicates potential privacy interests of

the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or

other law.

TeleCheck will supplement this response after the Court rules on Plaintiff's motion for

class certification, and reserves all objections it may be entitled to assert at that time.

**Interrogatory No. 3**: State the number of natural persons in the United States from

whom Defendant has taken a $25.00 returned check fee by way of draft, or the same type of fee

in any other amount, from March 11, 2010 through the present.

**Objections and Answers to Interrogatory No. 3**: TeleCheck objects to Interrogatory

No. 3 because it exceeds the scope of the current phase of discovery, and to the extent that it

seeks information that is irrelevant and not reasonably calculated to lead to the discovery of

admissible evidence.  Additionally, the following aspects of the Interrogatory are vague and/or

unduly burdensome:

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to

  respond by separating "natural persons" from the broader pool of persons that also

  includes corporations, partnerships, and other business forms.  Despite the

  foregoing objection, Defendant has used a search filter reasonably calculated to

  separate natural persons from persons generally.  However, Defendant cannot

  warrant that its response below is limited only to natural persons.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by providing a number that corresponds to persons. Defendant's records pertain to total collections made and this number may include multiple collections from one person. Despite the foregoing objection, Defendant has filtered out duplicate account numbers from which collections have been made. However, Defendant cannot warrant that its response below reflects unique persons, as unique persons may maintain multiple bank accounts.

- Defendant's records pertain to the location of the transaction, rather than the location of the person (however defined), and it would be unduly burdensome to present the data in any other way. Therefore, Defendant's response concerns transactions that occurred in the United States, rather than the location of the person who engaged in the transaction.

Subject to and without waiving the foregoing objections, Defendant states that, from March 11, 2010 through August 4, 2011, Defendant collected a $25.00 returned check fee, or the same type of fee in any other amount, from 1,334,941 unique bank accounts where the underlying transaction occurred in the United States.

**Interrogatory No. 4**: Identify by name and address the persons who comprise your response to Interrogatory No. 3, and for each such persons list the date and amount for every returned check fee taken.

**Objections and Answers to Interrogatory No. 4**: TeleCheck objects to Interrogatory No. 4 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature. TeleCheck further objects to the

extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

TeleCheck will supplement this response after the Court rules on Plaintiff's motion for class certification, and reserves all objections it may be entitled to assert at that time.

**Interrogatory No. 5**: State the number of natural persons in the State of Maine to whom Defendant has sent any letter with a section substantially similar in form to the Returned Check Fee Due section in Exhibit C to Plaintiff's Complaint, from March 11, 2010 through the present.

**Objections and Answers to Interrogatory No. 5**: TeleCheck objects to Interrogatory No. 5 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, the following aspects of the Interrogatory are vague and/or unduly burdensome:

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by separating "natural persons" from the broader pool of persons that also includes corporations, partnerships, and other business forms.  With respect to its outgoing letters, Defendant is unable to employ any automated process to separate natural persons from persons generally.  Therefore, Defendant cannot warrant that its response below is limited only to natural persons.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by providing a number that corresponds to persons.  Defendant's records pertain to total letters sent and this number may include multiple letters sent to one person.  Defendant is unable to employ any automated process that would de-

duplicate its records by removing letters sent to persons who received more than one letter.  Therefore, Defendant cannot warrant that its response below reflects unique persons, as unique persons may have received more than one letter.

- The Interrogatory is vague to the extent that it fails to define the phrase "in the State of Maine."  Defendant's response below concerns the number of letters addressed to a location in Maine.

Subject to and without waiving the foregoing objections, Defendant states that, from March 11, 2010 through August 5, 2011, Defendant sent 1,469 letters with a section substantially similar in form to the Returned Check Fee Due section in Exhibit C to Plaintiff's Complaint to a Maine address.

**Interrogatory No. 6**: Identify by name and address the persons who comprise your response to Interrogatory No. 5.

**Objections and Answers to Interrogatory No. 6**: TeleCheck objects to Interrogatory No. 6 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  TeleCheck further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

TeleCheck will supplement this response after the Court rules on Plaintiff's motion for class certification, and reserves all objections it may be entitled to assert at that time.

**Interrogatory No. 7**: State the number of natural persons in the State of Maine to whom Defendant has sent an initial communication substantially similar in form to Exhibit A to Plaintiff's Complaint, from March 11, 2010 through the present.

**Objections and Answers to Interrogatory No. 7**: TeleCheck objects to Interrogatory No. 7 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the following aspects of the Interrogatory are vague and/or unduly burdensome:

- The Interrogatory is vague to the extent that it fails to define the phrase "initial communication." Defendant interprets the Interrogatory to concern the number of letters substantially similar in form to Exhibit A to Plaintiff's Complaint.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by separating "natural persons" from the broader pool of persons that also includes corporations, partnerships, and other business forms. With respect to its outgoing letters, Defendant is unable to employ any automated process to separate natural persons from persons generally. Therefore, Defendant cannot warrant that its response below is limited only to natural persons.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by providing a number that corresponds to persons. Defendant's records pertain to total letters sent and this number may include multiple letters sent to one person. Defendant is unable to employ any automated process that would de-duplicate its records by removing letters sent to persons who received more than

one letter.  Therefore, Defendant cannot warrant that its response below reflects unique persons, as unique persons may have received more than one letter.

- The Interrogatory is vague to the extent that it fails to define the phrase "in the State of Maine."  Defendant's response below concerns the number of letters addressed to a location in Maine.

Subject to and without waiving the foregoing objections, Defendant states that, from March 11, 2010 through August 5, 2011, Defendant sent 842 letters substantially similar in form to Exhibit A to Plaintiff's Complaint to a Maine address.

**Interrogatory No. 8**: Identify by name and address the persons who comprise your response to Interrogatory No. 7.

**Objections and Answers to Interrogatory No. 8**: TeleCheck objects to Interrogatory No. 8 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  TeleCheck further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

TeleCheck will supplement this response after the Court rules on Plaintiff's motion for class certification, and reserves all objections it may be entitled to assert at that time.

**Interrogatory No. 9**: State the number of natural persons in the State of Maine to whom Defendant has sent an initial communication substantially similar in form to Exhibit A to Plaintiff's Complaint and from whom Defendant has collected funds in any amount within 30 days of that initial communication, from March 11, 2010 through the present.

**Objections and Answers to Interrogatory No. 9**: TeleCheck objects to Interrogatory No. 9 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, the following aspects of the Interrogatory are vague and/or unduly burdensome:

- The Interrogatory is vague to the extent that it fails to define the phrase "initial communication."  Defendant interprets the Interrogatory to concern letters substantially similar in form to Exhibit A to Plaintiff's Complaint.

- The Interrogatory is vague to the extent that it fails to make clear whether the collections to which it refers must be collections specifically referenced in letters substantially similar in form to Exhibit A to Plaintiff's Complaint.  Defendant interprets the Interrogatory as including only those scenarios where a person received a letter substantially similar in form to Exhibit A and then was subject to collection, within 30 days, for a transaction specifically mentioned in the Exhibit A letter.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by separating "natural persons" from the broader pool of persons that also includes corporations, partnerships, and other business forms.  With respect to its outgoing letters, Defendant is unable to employ any automated process to separate natural persons from persons generally.  Therefore, Defendant cannot warrant that its response below is limited only to natural persons.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by providing a number that corresponds to persons.  Defendant's records

pertain to total collections made and this number may include multiple collections from one person. Despite the foregoing objection, Defendant has filtered out duplicate account numbers from which collections have been made. However, Defendant cannot warrant that its response below reflects unique persons, as unique persons may maintain multiple bank accounts.

- The Interrogatory is vague to the extent that it fails to define the phrase "in the State of Maine." Defendant's response below concerns letters addressed to a location in Maine.

Subject to and without waiving the foregoing objections, Defendant states that, from March 11, 2010 through August 04, 2011, Defendant collected funds from 527 unique bank accounts associated with persons who received a letter substantially similar in form to Exhibit A to Plaintiff's Complaint, where the collection occurred within 30 days of the date appearing on the Exhibit A letter and where the collection arose out of a transaction specifically mentioned in the Exhibit A letter.

**Interrogatory No. 10**: Identify by name and address the persons who comprise your response to Interrogatory No. 9, and state the date and amount of moneys collected from each such person.

**Objections and Answers to Interrogatory No. 10**: TeleCheck objects to Interrogatory No. 10 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature. TeleCheck further objects to the extent that the disclosure of the information in question implicates potential privacy interests of

the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

TeleCheck will supplement this response after the Court rules on Plaintiff's motion for class certification, and reserves all objections it may be entitled to assert at that time.

**Interrogatory No. 11**: State the number of natural persons in the United States to whom Defendant has sent an initial communication substantially similar in form to Exhibit A to Plaintiff's Complaint and from whom Defendant has collected funds in any amount within 30 days of that initial communication, from March 11, 2010 through the present.

**Objections and Answers to Interrogatory No. 11**: TeleCheck objects to Interrogatory No. 11 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature. The geographic scope of Interrogatory 11 renders the request unduly burdensome. TeleCheck is unable to respond to the Interrogatory without resort to burdensome manual processes and/or to time-consuming and labor-intensive computer programming.

**Interrogatory No. 12**: Identify by name and address the persons who comprise your response to Interrogatory No. 11, and state the date and amount of moneys collected from each such person.

**Objections and Answers to Interrogatory No. 12**: TeleCheck objects to Interrogatory No. 12 for the reasons set forth above in TeleCheck's Objection to Interrogatory No. 11. TeleCheck further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

TeleCheck will supplement this response after the Court rules on Plaintiff's motion for class certification, and reserves all objections it may be entitled to assert at that time.

**Interrogatory No. 13**: State the number of natural persons in the United States to whom Defendant sent correspondence substantially similar in form to Exhibit B to Plaintiff's Complaint, from March 11, 2009 through the present.

**Objections and Answers to Interrogatory No. 13**: TeleCheck objects to Interrogatory No. 13 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  Defendant is unable to ascertain an answer to Interrogatory No. 13 within the time period provided by Fed. R. Civ. P. 33(b)(2).  If Defendant is able to ascertain an answer to Interrogatory No. 13, using reasonable means that are not unduly burdensome, Defendant will supplement its answer.  Defendant's answer here preserves, and does not waive, any additional objections Defendant may raise if it provides a supplemental answer to Interrogatory No. 13.

Based on a computerized search of records reasonably expected to contain the responsive information, Defendant has identified 42 letters (including Exhibit B to the Complaint) sent to addressees in the United States who appear on manual inspection to be natural persons, during the relevant timeframe, and that are substantially similar to Exhibit B in that they show among "all the negative information in your file" a service fee relating to a check that was successfully redeposited and deny a request for waiver of that fee.

**Interrogatory No. 14**: Identify by name and address the persons who comprise your response to Interrogatory No. 13.

**Objections and Answers to Interrogatory No. 14**: TeleCheck objects to Interrogatory No. 14 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature. TeleCheck further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

TeleCheck will supplement this response after the Court rules on Plaintiff's motion for class certification, and reserves all objections it may be entitled to assert at that time.

**Interrogatory No. 15**: State the number of natural persons in the State of Maine for whom Defendant assembled or maintained a consumer report substantially similar in form to Exhibit B to Plaintiff's Complaint which listed any "amount due" for an alleged return check "fee" allegedly "reported by Rite Aid" from March 11, 2009 through the present.

**Objections and Answers to Interrogatory No. 15**: TeleCheck objects to Interrogatory No. 15 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the following aspects of the Interrogatory are vague and/or unduly burdensome:

- The Interrogatory is vague to the extent that it refers to a "consumer report." Exhibit B to Plaintiff's Complaint is not a "consumer report," and Defendant will disregard that portion of the Interrogatory. Defendant construes the Interrogatory as a request for the number of persons for whom Defendant has a record indicating that those persons owed a return check fee arising out of a Rite Aid

transaction that occurred between March 11, 2009 and the present.  Defendant's response below excludes any instance where Defendant waived a return check fee.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by separating "natural persons" from the broader pool of persons that also includes corporations, partnerships, and other business forms.  Despite the foregoing objection, Defendant has used a search filter reasonably calculated to separate natural persons from persons generally.  However, Defendant cannot warrant that its response below is limited only to natural persons.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by providing a number that corresponds to persons.  Defendant's records pertain to total collections made and this number may include multiple collections from one person.  Despite the foregoing objection, Defendant has filtered out duplicate account numbers from which collections have been made.  However, Defendant cannot warrant that its response below reflects unique persons, as unique persons may maintain multiple bank accounts.

- The Interrogatory is vague to the extent that it fails to define the phrase "in the State of Maine."  Defendant's records pertain to the location of the transaction, rather than the location of the person (however defined), and it would be unduly burdensome to present the data in any other way.  Therefore, Defendant's response concerns transactions that occurred in Maine, rather than the location of the person who engaged in the transaction.

Subject to and without waiving the foregoing objections, persons owning 2,440 unique accounts owed Defendant a return check fee for transactions taking placed at a Rite Aid in Maine from March 11, 2009 through August 04, 2011.

**Interrogatory No. 16**: Identify by name and address the persons who comprise your response to Interrogatory No. 15.

**Objections and Answers to Interrogatory No. 16**: TeleCheck objects to Interrogatory No. 16 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature. TeleCheck further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

TeleCheck will supplement this response after the Court rules on Plaintiff's motion for class certification, and reserves all objections it may be entitled to assert at that time.

**Interrogatory No. 17**: State the number of natural persons in the State of Maine who have disputed, in whole or part, the charges identified in a collection letter substantially similar in form to Exhibit A to Plaintiff's Complaint, within thirty days of receiving same from March 11, 2009 through present.

**Objections and Answers to Interrogatory No. 17**: TeleCheck objects to Interrogatory No. 17 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature. Defendant is unable to ascertain an answer to Interrogatory No. 17 within the time period provided by Fed. R. Civ. P. 33(b)(2). If

Defendant is able to ascertain an answer to Interrogatory No. 17, using reasonable means that are not unduly burdensome, Defendant will supplement its answer. Defendant's answer here preserves, and does not waive, any additional objections Defendant may raise if it provides a supplemental answer to Interrogatory No. 17.

**Interrogatory No. 18**: State the number of natural persons in the United States who have disputed, in whole or part, the charges identified in a collection letter substantially similar in form to Exhibit A to Plaintiff's Complaint, within thirty days of receiving same from March 11, 2009 through the present.

**Objections and Answers to Interrogatory No. 18**: TeleCheck objects to Interrogatory No. 18 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature. Defendant is unable to ascertain an answer to Interrogatory No. 18 within the time period provided by Fed. R. Civ. P. 33(b)(2). If Defendant is able to ascertain an answer to Interrogatory No. 18, using reasonable means that are not unduly burdensome, Defendant will supplement its answer. Defendant's answer here preserves, and does not waive, any additional objections Defendant may raise if it provides a supplemental answer to Interrogatory No. 18.

**Interrogatory No. 19**: State the number of natural persons in the State of Maine who have disputed the charges identified in a collection letter substantially similar in form to Exhibit A to Plaintiff's Complaint, stating that the amount charged had already been withdrawn from his or her account, within thirty days of receiving same, from March 11, 2009 through the present.

**Objections and Answers to Interrogatory No. 19**: TeleCheck objects to Interrogatory No. 19 because it exceeds the scope of the current phase of discovery, and to the extent that it

seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature. Defendant is unable to ascertain an answer to Interrogatory No. 19 within the time period provided by Fed. R. Civ. P. 33(b)(2). If Defendant is able to ascertain an answer to Interrogatory No. 19, using reasonable means that are not unduly burdensome, Defendant will supplement its answer. Defendant's answer here preserves, and does not waive, any additional objections Defendant may raise if it provides a supplemental answer to Interrogatory No. 19.

**Interrogatory No. 20**: State the number of natural persons in the United States who have disputed, made inquiries into or raised questions about the charges identified in a collection letter substantially similar in form to Exhibit A to Plaintiff's Complaint, stating that the amount charged had already been withdrawn from his or her account, within thirty days of receiving same, from March 11, 2009 through the present.

**Objections and Answers to Interrogatory No. 20**: TeleCheck objects to Interrogatory No. 20 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature. Defendant is unable to ascertain an answer to Interrogatory No. 20 within the time period provided by Fed. R. Civ. P. 33(b)(2). If Defendant is able to ascertain an answer to Interrogatory No. 20, using reasonable means that are not unduly burdensome, Defendant will supplement its answer. Defendant's answer here preserves, and does not waive, any additional objections Defendant may raise if it provides a supplemental answer to Interrogatory No. 20.

**Interrogatory No. 21**: Identify any attorney who gave Defendant advice or counsel concerning any letter similar in form to the communication attached as Exhibit B to Plaintiff's Complaint, when such advice was provided, and the substance of the advice from counsel.

**Objections and Answers to Interrogatory No. 21**: TeleCheck objects to Interrogatory No. 21 because it exceeds the scope of the current phase of discovery; to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; and because it seeks information protected by the attorney-client privilege or work-product doctrine.

**Interrogatory No. 22**: Identify the person or persons at your company most knowledgeable in retrieving data from your computer database or databases concerning the number of sales of TeleCheck reports, the revenues generated, to whom the reports were sold, and about whom the reports were made.

**Objections and Answers to Interrogatory No. 22**: TeleCheck objects to Interrogatory No. 22 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Additionally, the Interrogatory is vague to the extent it fails to define "TeleCheck reports." TeleCheck construes the Interrogatory to relate to Plaintiff's characterization of Exhibit B to Plaintiff's Complaint as a "consumer report." Exhibit B is not a "consumer report." TeleCheck does not sell to any person letters substantially similar in form to Exhibit B. TeleCheck does not sell to any person "consumer reports" pertaining to individuals.

**Interrogatory No. 23**: Identify every communication and every person who, within the previous five years, recommended any changes to the substance or form of TeleCheck reports sent to consumers similar in form to Exhibit B to Plaintiff's Complaint.

**Objections and Answers to Interrogatory No. 23**: TeleCheck objects to Interrogatory No. 23 because it exceeds the scope of the current phase of discovery; to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature; and because it seeks information that is protected by the attorney-client privilege or work-product doctrine. TeleCheck further objects on the grounds that the Interrogatory is overbroad to the extent that it requests "every communication" and "every person." Additionally, the Interrogatory is vague to the extent it fails to define "TeleCheck reports." TeleCheck construes the Interrogatory to relate to Plaintiff's characterization of Exhibit B to Plaintiff's Complaint as a "consumer report." Exhibit B is not a "consumer report."

Subject to and without waiving the foregoing objections, Victor Clark, Brian Connolly, Denise Hossler, Mike Mafouz, Stephen Moore, Marcy Olney, Erica Pepper, and Glenn Turpin are current employees of Defendants who, in the course of their duties, may recommend changes to the document attached as Exhibit B to Plaintiff's Complaint.

**Interrogatory No. 24**: State your net worth.

**Objections and Answers to Interrogatory No. 24**: TeleCheck objects to Interrogatory No. 24 because it exceeds the scope of the current phase of discovery, is unduly burdensome to the extent that it requires Defendant to disaggregate the net worth of TeleCheck and TRS, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature. The Interrogatory is vague to the extent that it provides no definition of "net worth."

Subject to and without waiving the foregoing objections, Defendant states that for purposes of class certification, it does not contend that the statutory cap on damages under the

FDCPA as a function of its net worth renders a class action inferior to any other method of adjudication.

**Interrogatory No. 25**: Provide in detail the factual bases for each of your affirmative defenses as enumerated in your Answer.

**Objections and Answers to Interrogatory No. 25**: TeleCheck objects to Interrogatory No. 25 because it exceeds the scope of the current phase of discovery. TeleCheck further objects to Interrogatory No. 25, because a request for the basis of all a party's claims or defenses is overbroad and not a proper contention interrogatory. TeleCheck further objects to Interrogatory No. 25 because it exceeds the 25 interrogatory limit set forth in Fed. R. Civ. P. 33(a)(1), when all subparts of these Interrogatories are counted.

DATED:        August 24, 2011

AS TO OBJECTIONS:

> /s/Clifford H. Ruprecht
> Clifford H. Ruprecht
> Nolan L. Reichl, *pro hac vice*
> PIERCE ATWOOD LLP
> One Monument Square
> Portland, ME  04101
> (207) 791-1100
> cruprecht@pierceatwood.com
> nreichl@pierceatwood.com
>
> Donald R. Frederico, *pro hac vice*
> PIERCE ATWOOD LLP
> 100 Summer Street
> Suite 2250
> Boston, MA 02110
> (617) 488-8100
> dfrederico@pierceatwood.com
>
> *Attorneys for Defendants TRS Recovery Services,*
> *Inc. and TeleCheck Services, Inc.*

AS TO ANSWERS:

I have reviewed the Answers to the Interrogatories set forth above and, based on information that I have learned and/or that is reasonably available to me and that I believe to be true, state that they are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 24, 2011.

Kerry Sellen
TeleCheck Services, Inc.
5251 Westheimer Road
Houston, TX  77056

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

### CERTIFICATE OF SERVICE

I, Nolan L. Reichl, Esq., hereby certify that on August 24, 2011, I sent by electronic and regular mail a copy of the within Supplemental Response to Plaintiff's First Set of Interrogatories to the following:

LEWIS SAUL
KEVIN FITZGERALD
JON HINCK
LEWIS SAUL & ASSOCIATES, P.C.
183 Middle Street, Suite 200
Portland, ME  04101
(207) 874-7407

JAMES A. FRANCIS, *pro hac vice*
JOHN SOUMILAS, *pro hac vice*
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

*Attorneys for Plaintiff*

Dated: August 24, 2011

/s/ Nolan L. Reichl
Nolan L. Reichl
PIERCE ATWOOD LLP
One Monument Square
Portland, ME  04101
(207) 791-1100
nreichl@pierceatwood.com

*Attorney for Defendants TRS Recovery Services,
Inc. and TeleCheck Services, Inc.*

{W2589531.1}25