EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JEAN LAROCQUE, by and through her Appointed Power of Attorney, DEIDRE SPANG, on behalf of herself and all others Similarly situated<br><br>                          Plaintiff,<br><br>v.<br><br>TRS RECOVERY SERVICES, INC., And TELECHECK SERVICES, INC.<br><br>                        Defendants. | CIVIL ACTION<br>Docket No:  2:11-cv-00091-DBH |

## DEFENDANT TRS RECOVERY SERVICES, INC.'S SECOND SUPPLEMENTAL RESPONSE TO  PLAINTIFF JEAN LAROCQUE'S FIRST SET OF INTERROGATORIES

NOW COMES Defendant TRS Recovery Services, Inc. ("TRS"), pursuant to Fed. R. Civ. P. 33, and, with this Second Supplemental Response, answers Plaintiff Jean LaRocque's First Set of Interrogatories as follows and subject to the following general and specific objections and to an agreement between the parties governing the production of confidential documents:

## GENERAL OBJECTIONS

The following General Objections are hereby incorporated into each of the Specific Objections and Answers as though fully set forth therein.

1.  TRS objects to the Interrogatories, including the Definitions and Instructions, and to each specific Interrogatory contained therein, to the extent that they purport to seek information that is

1

protected from disclosure by the attorney-client privilege, the work-product doctrine, or any other privilege or immunity.

2. TRS objects to the Interrogatories, including the Definitions and Instructions, and to each specific Interrogatory contained therein, to the extent that they purport to impose on TRS duties and/or responsibilities greater than those imposed by the Federal Rules of Civil Procedure.

3. TRS objects to the Interrogatories, including the Definitions and Instructions, and to each specific Interrogatory contained therein, to the extent that they are argumentative, lack foundation and/or incorporate allegations and assertions that TRS disputes.  Any answer herein to a particular Interrogatory is not and shall not be deemed to be an admission or acknowledgement by TRS as to the truth or accuracy of the allegations or assertions contained in any Interrogatory.

4. TRS objects to the Interrogatories on the grounds that the Interrogatories, including all discrete subparts, exceed the 25 interrogatory limit set forth in Fed. R. Civ. P. 33(a)(1).

5. To the extent that any Interrogatory requests information limited in geographic scope to the United States, Defendant interprets "the United States" to include the 50 states, the District of Columbia, American Samoa, Federated States of Micronesia, Guam, Marshall Islands, Northern Mariana Islands, Palau, Puerto Rico, and the Virgin Islands of the United States.

## **GENERAL OBJECTIONS TO SPECIFIC DEFINITIONS AND INSTRUCTIONS**

1. TRS objects to the definition of the term "Document" given by Paragraph E to the extent that it renders the Interrogatories, and each specific Interrogatory contained therein, overly broad and unduly burdensome.  TRS will interpret the term "Document" in conformity with TRS's understanding of the term under Rule 34 of the Federal Rules of Civil Procedure.

2.   TRS objects to the definition of the term "identify" given by Paragraph F of Plaintiff's Definitions and Instructions to the extent that the term renders the Interrogatories, and each specific Interrogatory contained therein overly, broad and unduly burdensome.

3.   TRS objects to the definition of the term "Defendant" given by Paragraph H to the extent that the definition brings within it entities other than the party answering these Interrogatories. In accordance with that definition, "Defendant," as the term is used in the Answers set forth below, does not in every case mean the party answering these Interrogatories.  To the extent an Interrogatory refers to "Defendant" and requests information about other such entities, TRS has answered such an Interrogatory based on the information reasonably available to it, but denies that such answer necessarily pertains to TRS or its business activities in any way.

<u>**OBJECTIONS AND ANSWERS TO SPECIFIC INTERROGATORIES**</u>

<u>**Interrogatory No. 1**</u>: State the number of natural persons in the State of Maine from whom Defendant has taken a $25.00 returned check fee by way of draft, or the same type of fee in any other amount, from March 11, 2005 through the present.

<u>**Objections and Answers to Interrogatory No. 1**</u>: TRS objects to Interrogatory No. 1 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, the following aspects of the Interrogatory are vague and/or unduly burdensome:

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by separating "natural persons" from the broader pool of persons that also includes corporations, partnerships, and other business forms.  Despite the foregoing objection, Defendant has used a search filter reasonably calculated to

3

separate natural persons from persons generally.  However, Defendant cannot warrant that its response below is limited only to natural persons.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by providing a number that corresponds to persons.  Defendant's records pertain to total collections made and this number may include multiple collections from one person.  Despite the foregoing objection, Defendant has filtered out duplicate account numbers from which collections have been made.  However, Defendant cannot warrant that its response below reflects unique persons, as unique persons may maintain multiple bank accounts.

- The Interrogatory is vague to the extent that it fails to define the phrase "in the State of Maine."  Defendant's records pertain to the location of the transaction, rather than the location of the person (however defined), and it would be unduly burdensome to present the data in any other way.  Therefore, Defendant's response concerns transactions that occurred in Maine, rather than the location of the person who engaged in the transaction.

Subject to and without waiving the foregoing objections, Defendant states that, from March 11, 2005 through August 4, 2011, Defendant collected a $25.00 returned check fee, or the same type of fee in any other amount, from 22,863 unique bank accounts where the underlying transaction occurred in Maine.

**Interrogatory No. 2**: Identify by name and address the persons who comprise your response to Interrogatory No. 1, and for each such persons list the date and amount for every returned check fee taken.

**Objections and Answers to Interrogatory No. 2**: TRS objects to Interrogatory No. 2 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  TRS further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

Subject to and without waiving the foregoing objections, and consistent with the Court's Order of August 26, 2011, Defendant has provided a list of names and addresses to Plaintiffs for the limited and sole purpose of facilitating Plaintiffs' court-approved communication with potential class members.  Defendant's list is marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and, as such, is subject to the provisions of the Confidentiality Order governing this case, as well as the additional restrictions in the Court's Order of August 26, 2011 and any further orders relating to such communications.

**Interrogatory No. 3**: State the number of natural persons in the United States from whom Defendant has taken a $25.00 returned check fee by way of draft, or the same type of fee in any other amount, from March 11, 2010 through the present.

**Objections and Answers to Interrogatory No. 3**: TRS objects to Interrogatory No. 3 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, the following aspects of the Interrogatory are vague and/or unduly burdensome:

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by separating "natural persons" from the broader pool of persons that also

5

includes corporations, partnerships, and other business forms.  Despite the foregoing objection, Defendant has used a search filter reasonably calculated to separate natural persons from persons generally.  However, Defendant cannot warrant that its response below is limited only to natural persons.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by providing a number that corresponds to persons.  Defendant's records pertain to total collections made and this number may include multiple collections from one person.  Despite the foregoing objection, Defendant has filtered out duplicate account numbers from which collections have been made.  However, Defendant cannot warrant that its response below reflects unique persons, as unique persons may maintain multiple bank accounts.

- Defendant's records pertain to the location of the transaction, rather than the location of the person (however defined), and it would be unduly burdensome to present the data in any other way.  Therefore, Defendant's response concerns transactions that occurred in the United States, rather than the location of the person who engaged in the transaction.

Subject to and without waiving the foregoing objections, Defendant states that, from March 11, 2010 through August 4, 2011, Defendant collected a $25.00 returned check fee, or the same type of fee in any other amount, from 1,183,892 unique bank accounts where the underlying transaction occurred in the United States.

**Interrogatory No. 4**: Identify by name and address the persons who comprise your response to Interrogatory No. 3, and for each such persons list the date and amount for every returned check fee taken.

**Objections and Answers to Interrogatory No. 4**: TRS objects to Interrogatory No. 4 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  TRS further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

TRS reserves all objections it may be entitled to assert should Plaintiffs seek this information at a later time.

**Interrogatory No. 5**: State the number of natural persons in the State of Maine to whom Defendant has sent any letter with a section substantially similar in form to the Returned Check Fee Due section in Exhibit C to Plaintiff's Complaint, from March 11, 2010 through the present.

**Objections and Answers to Interrogatory No. 5**: TRS objects to Interrogatory No. 5 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, the following aspects of the Interrogatory are vague and/or unduly burdensome:

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by separating "natural persons" from the broader pool of persons that also includes corporations, partnerships, and other business forms.  Despite the foregoing objection, Defendant has used a search filter reasonably calculated to separate natural persons from persons generally.  However, Defendant cannot warrant that its response below is limited only to natural persons.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by providing a number that corresponds to persons.  Defendant's records pertain to total letters sent and this number may include multiple letters sent to one person.  Defendant is unable to employ any automated process that would de-duplicate its records by removing letters sent to persons who received more than one letter.  Therefore, Defendant cannot warrant that its response below reflects unique persons, as unique persons may have received more than one letter.

- The Interrogatory is vague to the extent that it fails to define the phrase "in the State of Maine."  Defendant's response below concerns the number of letters addressed to a location in Maine.

Subject to and without waiving the foregoing objections, Defendant states that, from March 11, 2010 through August 5, 2011, Defendant sent 585 letters with a section substantially similar in form to the Returned Check Fee Due section in Exhibit C to Plaintiff's Complaint to a Maine address.

**Interrogatory No. 6**: Identify by name and address the persons who comprise your response to Interrogatory No. 5.

**Objections and Answers to Interrogatory No. 6**: TRS objects to Interrogatory No. 6 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  TRS further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

Subject to and without waiving the foregoing objections, and consistent with the Court's Order of August 26, 2011, Defendant has provided a list of names and addresses to Plaintiffs for the limited and sole purpose of facilitating Plaintiffs' court-approved communication with potential class members.  Defendant's list is marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and, as such, is subject to the provisions of the Confidentiality Order governing this case, as well as the additional restrictions in the Court's Order of August 26, 2011 and any further orders relating to such communications.

**Interrogatory No. 7**: State the number of natural persons in the State of Maine to whom Defendant has sent an initial communication substantially similar in form to Exhibit A to Plaintiff's Complaint, from March 11, 2010 through the present.

**Objections and Answers to Interrogatory No. 7**: TRS objects to Interrogatory No. 7 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, the following aspects of the Interrogatory are vague and/or unduly burdensome:

- The Interrogatory is vague to the extent that it fails to define the phrase "initial communication."  Defendant interprets the Interrogatory to concern the number of letters substantially similar in form to Exhibit A to Plaintiff's Complaint.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by separating "natural persons" from the broader pool of persons that also includes corporations, partnerships, and other business forms.  Despite the foregoing objection, Defendant has used a search filter reasonably calculated to

separate natural persons from persons generally.  However, Defendant cannot warrant that its response below is limited only to natural persons.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by providing a number that corresponds to persons.  Defendant's records pertain to total letters sent and this number may include multiple letters sent to one person.  Defendant is unable to employ any automated process that would de-duplicate its records by removing letters sent to persons who received more than one letter.  Therefore, Defendant cannot warrant that its response below reflects unique persons, as unique persons may have received more than one letter.

- The Interrogatory is vague to the extent that it fails to define the phrase "in the State of Maine."  Defendant's response below concerns the number of letters addressed to a location in Maine.

Subject to and without waiving the foregoing objections, Defendant states that, from March 11, 2010 through August 5, 2011, Defendant sent 748 letters substantially similar in form to Exhibit A to Plaintiff's Complaint to a Maine address.

**Interrogatory No. 8**: Identify by name and address the persons who comprise your response to Interrogatory No. 7.

**Objections and Answers to Interrogatory No. 8**: TRS objects to Interrogatory No. 8 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  TRS further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

Subject to and without waiving the foregoing objections, and consistent with the Court's Order of August 26, 2011, Defendant has provided a list of names and addresses to Plaintiffs for the limited and sole purpose of facilitating Plaintiffs' court-approved communication with potential class members.  Defendant's list is marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and, as such, is subject to the provisions of the Confidentiality Order governing this case, as well as the additional restrictions in the Court's Order of August 26, 2011 and any further orders relating to such communications.

**Interrogatory No. 9**: State the number of natural persons in the State of Maine to whom Defendant has sent an initial communication substantially similar in form to Exhibit A to Plaintiff's Complaint and from whom Defendant has collected funds in any amount within 30 days of that initial communication, from March 11, 2010 through the present.

**Objections and Answers to Interrogatory No. 9**: TRS objects to Interrogatory No. 9 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, the following aspects of the Interrogatory are vague and/or unduly burdensome:

- The Interrogatory is vague to the extent that it fails to define the phrase "initial communication."  Defendant interprets the Interrogatory to concern letters substantially similar in form to Exhibit A to Plaintiff's Complaint.

- The Interrogatory is vague to the extent that it fails to make clear whether the collections to which it refers must be collections specifically referenced in letters substantially similar in form to Exhibit A to Plaintiff's Complaint.  Defendant interprets the Interrogatory as including only those scenarios where a person

received a letter substantially similar in form to Exhibit A and then was subject to collection, within 30 days, for a transaction specifically mentioned in the Exhibit A letter.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by separating "natural persons" from the broader pool of persons that also includes corporations, partnerships, and other business forms.  Despite the foregoing objection, Defendant has used a search filter reasonably calculated to separate natural persons from persons generally.  However, Defendant cannot warrant that its response below is limited only to natural persons.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by providing a number that corresponds to persons.  Defendant's records pertain to total collections made and this number may include multiple collections from one person.  Despite the foregoing objection, Defendant has filtered out duplicate account numbers from which collections have been made.  However, Defendant cannot warrant that its response below reflects unique persons, as unique persons may maintain multiple bank accounts.

- The Interrogatory is vague to the extent that it fails to define the phrase "in the State of Maine."  Defendant's response below concerns letters addressed to a location in Maine.

Subject to and without waiving the foregoing objections, Defendant states that Defendant collected funds from 538 unique bank accounts associated with persons who received a letter substantially similar in form to Exhibit A to Plaintiff's Complaint that was dated between March 11, 2010 through August 04, 2011; where the collection occurred within 30 days of the date

12

appearing on the Exhibit A letter; and where the collection arose out of a transaction specifically mentioned in the Exhibit A letter.

**Interrogatory No. 10**: Identify by name and address the persons who comprise your response to Interrogatory No. 9, and state the date and amount of moneys collected from each such person.

**Objections and Answers to Interrogatory No. 10**: TRS objects to Interrogatory No. 10 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  TRS further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

Subject to and without waiving the foregoing objections, and consistent with the Court's Order of August 26, 2011, Defendant has provided a list of names and addresses to Plaintiffs for the limited and sole purpose of facilitating Plaintiffs' court-approved communication with potential class members.  Defendant's list is marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and, as such, is subject to the provisions of the Confidentiality Order governing this case, as well as the additional restrictions in the Court's Order of August 26, 2011 and any further orders relating to such communications.

**Interrogatory No. 11**: State the number of natural persons in the United States to whom Defendant has sent an initial communication substantially similar in form to Exhibit A to Plaintiff's Complaint and from whom Defendant has collected funds in any amount within 30 days of that initial communication, from March 11, 2010 through the present.

**Objections and Answers to Interrogatory No. 11**: TRS objects to Interrogatory No. 11 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  The geographic scope of Interrogatory 11 renders the request unduly burdensome.  Defendant is unable to respond to the Interrogatory without resort to burdensome manual processes and/or to time-consuming and labor-intensive computer programming.

**Interrogatory No. 12**: Identify by name and address the persons who comprise your response to Interrogatory No. 11, and state the date and amount of moneys collected from each such person.

**Objections and Answers to Interrogatory No. 12**: TRS objects to Interrogatory No. 12 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  The geographic scope of Interrogatory 12 renders the request unduly burdensome.  TRS further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

TRS reserves all objections it may be entitled to assert should Plaintiffs seek this information at a later time.

**Interrogatory No. 13**: State the number of natural persons in the United States to whom Defendant sent correspondence substantially similar in form to Exhibit B to Plaintiff's Complaint, from March 11, 2009 through the present.

14

**Objections and Answers to Interrogatory No. 13**: TRS objects to Interrogatory No. 13 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  Additionally, the following aspect of the Interrogatory is unduly burdensome:

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by separating "natural persons" from the broader pool of persons that also includes corporations, partnerships, and other business forms.  Despite the foregoing objection, Defendant has used a search filter reasonably calculated to separate natural persons from persons generally.  Defendant also has reviewed manually each letter responsive to its computerized search to determine whether, on its face, the recipient was a natural person.  However, Defendant cannot warrant that its response below is limited only to natural persons.

Based on a computerized search of records reasonably expected to contain the responsive information, Defendant has identified 39 letters (including Exhibit B to the Complaint) sent to addressees in the United States from March 11, 2009 through March 5, 2011, and that are substantially similar to Exhibit B in that they show among "all the negative information in your file" a service fee relating to a check that was successfully redeposited and deny a request for waiver of that fee.

**Interrogatory No. 14**: Identify by name and address the persons who comprise your response to Interrogatory No. 13.

**Objections and Answers to Interrogatory No. 14**: TRS objects to Interrogatory No. 14 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks

information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  TRS further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

Subject to and without waiving the foregoing objections, and consistent with the Court's Order of August 26, 2011, Defendant has provided a list of names and addresses to Plaintiffs for the limited and sole purpose of facilitating Plaintiffs' court-approved communication with potential class members.  Defendant's list is marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and, as such, is subject to the provisions of the Confidentiality Order governing this case, as well as the additional restrictions in the Court's Order of August 26, 2011 and any further orders relating to such communications.

**Interrogatory No. 15**: State the number of natural persons in the State of Maine for whom Defendant assembled or maintained a consumer report substantially similar in form to Exhibit B to Plaintiff's Complaint which listed any "amount due" for an alleged return check "fee" allegedly "reported by Rite Aid" from March 11, 2009 through the present.

**Objections and Answers to Interrogatory No. 15**: TRS objects to Interrogatory No. 15 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, the following aspects of the Interrogatory are vague and/or unduly burdensome:

- The Interrogatory is vague to the extent that it refers to a "consumer report." Exhibit B to Plaintiff's Complaint is not a "consumer report," and Defendant will disregard that portion of the Interrogatory.  Defendant construes the Interrogatory

16

as a request for the number of persons for whom Defendant has a record indicating that those persons owed a return check fee arising out of a Rite Aid transaction that occurred between March 11, 2009 and the present. Defendant's response below excludes any instance where Defendant waived a return check fee.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by separating "natural persons" from the broader pool of persons that also includes corporations, partnerships, and other business forms. Despite the foregoing objection, Defendant has used a search filter reasonably calculated to separate natural persons from persons generally. However, Defendant cannot warrant that its response below is limited only to natural persons.

- The Interrogatory is unduly burdensome to the extent that it requires Defendant to respond by providing a number that corresponds to persons. Defendant's records may reflect multiple fees owed by one person. Despite the foregoing objection, Defendant has filtered out duplicate account numbers from the broader pool of records reflecting fees owed. However, Defendant cannot warrant that its response below reflects unique persons, as unique persons may maintain multiple bank accounts.

- The Interrogatory is vague to the extent that it fails to define the phrase "in the State of Maine." Defendant's records pertain to the location of the transaction, rather than the location of the person (however defined), and it would be unduly burdensome to present the data in any other way. However, Defendant has relied on two databases to provide the requested information. One of these databases

17

does not contain information concerning the location of the Rite Aid branch where the transaction took place.  With respect to the collection records in this database, Defendant has used the last address in the collection record associated with the person owing a return check fee arising out of a Rite Aid transaction. Defendant cannot warrant that this person was located in Maine at the time of the transaction in question or that the transaction in question occurred in Maine.

Subject to and without waiving the foregoing objections, persons owning 3,705 unique accounts owed Defendant a return check fee for transactions taking place at a Rite Aid where the date appearing on the check is between March 11, 2009 and August 04, 2011; and where either (a) the transaction took place at a Rite Aid in Maine, or (b) the location of the Rite Aid is unknown and the most recent information in the Defendant's collection record identifies the person as having a Maine address.

**Interrogatory No. 16**: Identify by name and address the persons who comprise your response to Interrogatory No. 15.

**Objections and Answers to Interrogatory No. 16**: TRS objects to Interrogatory No. 16 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  TRS further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

Subject to and without waiving the foregoing objections, and consistent with the Court's Order of August 26, 2011, Defendant has provided a list of names and addresses to Plaintiffs for the limited and sole purpose of facilitating Plaintiffs' court-approved communication with

18

potential class members.  Defendant's list is marked "CONFIDENTIAL – SUBJECT TO

PROTECTIVE ORDER" and, as such, is subject to the provisions of the Confidentiality Order

governing this case, as well as the additional restrictions in the Court's Order of August 26, 2011

and any further orders relating to such communications.

**Interrogatory No. 17**: State the number of natural persons in the State of Maine who

have disputed, in whole or part, the charges identified in a collection letter substantially similar

in form to Exhibit A to Plaintiff's Complaint, within thirty days of receiving same from March

11, 2009 through present.

**Objections and Answers to Interrogatory No. 17**: TRS objects to Interrogatory No. 17

because it exceeds the scope of the current phase of discovery, and to the extent that it seeks

information that is irrelevant, not reasonably calculated to lead to the discovery of admissible

evidence, and of a proprietary or confidential nature.  Defendant is unable to respond to the

Interrogatory without resort to burdensome manual processes and/or to time-consuming and

labor-intensive computer programming.

**Interrogatory No. 18**: State the number of natural persons in the United States who have

disputed, in whole or part, the charges identified in a collection letter substantially similar in

form to Exhibit A to Plaintiff's Complaint, within thirty days of receiving same from March 11,

2009 through the present.

**Objections and Answers to Interrogatory No. 18**: TRS objects to Interrogatory No. 18

because it exceeds the scope of the current phase of discovery, and to the extent that it seeks

information that is irrelevant, not reasonably calculated to lead to the discovery of admissible

evidence, and of a proprietary or confidential nature.  Defendant is unable to respond to the

Interrogatory without resort to burdensome manual processes and/or to time-consuming and labor-intensive computer programming.

**Interrogatory No. 19**: State the number of natural persons in the State of Maine who have disputed the charges identified in a collection letter substantially similar in form to Exhibit A to Plaintiff's Complaint, stating that the amount charged had already been withdrawn from his or her account, within thirty days of receiving same, from March 11, 2009 through the present.

**Objections and Answers to Interrogatory No. 19**: TRS objects to Interrogatory No. 19 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  Defendant is unable to respond to the Interrogatory without resort to burdensome manual processes and/or to time-consuming and labor-intensive computer programming.

**Interrogatory No. 20**: State the number of natural persons in the United States who have disputed, made inquiries into or raised questions about the charges identified in a collection letter substantially similar in form to Exhibit A to Plaintiff's Complaint, stating that the amount charged had already been withdrawn from his or her account, within thirty days of receiving same, from March 11, 2009 through the present.

**Objections and Answers to Interrogatory No. 20**: TRS objects to Interrogatory No. 20 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature.  Defendant is unable to respond to the Interrogatory without resort to burdensome manual processes and/or to time-consuming and labor-intensive computer programming.

**Interrogatory No. 21**: State the number of checks which originally cleared and also cleared upon resubmission to a financial institution by you (in effect, the checks for which you authorized or made duplicate withdrawals), and identify the persons who wrote those checks, from March 11, 2010 through the present in the United States, and from March 11, 2005 through the present in the State of Maine.

**Objections and Answers to Interrogatory No. 21**: TRS objects to Interrogatory No. 21 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  TRS asserts this Objection with respect to the portion of the Interrogatory seeking a number of checks, and with respect to the portion seeking the identification of individuals.

With respect to the portion of the Interrogatory seeking a number of checks, the following aspects of the Interrogatory are vague and/or unduly burdensome:

- The Interrogatory is vague to the extent that it fails to define the term "cleared." Defendant's records concern only whether a check has returned unpaid.

- The Interrogatory is vague to the extent that it fails to distinguish between paper checks and paper checks that are processed via the ACH network.  Defendant construes the Interrogatory's reference to "checks" as requesting information concerning paper checks processed via the ACH network.

- The Interrogatory is vague to the extent that it fails to define the phrase "in the State of Maine."  Defendant's records pertain to the location of the transaction, rather than the location of the person (however defined), and it would be unduly burdensome to present the data in any other way.  Therefore, Defendant's

response concerns transactions that occurred in Maine, rather than the location of the person who engaged in the transaction.

- In light of the foregoing objections, Defendant construes the Interrogatory as requesting the following: the number of transactions taking place within the relevant jurisdiction (*e.g.*, Maine or the United States) where (a) a paper check was drawn by a natural person; (b) the paper check was processed via the ACH network; (c) where the paper check was returned to TeleCheck as unpaid by the drawer's bank in the relevant time period; (d) TRS re-presented the paper check to the drawer's bank (through whatever means); and (e) the re-presented paper check did not return to TRS as unpaid.

Subject to and without waiving the foregoing objections, Defendant states that 4 transactions occurred in Maine as described above.

Subject to and without waiving the foregoing objections, Defendant states that 261 transactions occurred in the United States as described above.

With respect to the portion of the Interrogatory seeking the identification of individuals, the Interrogatory is vague to the extent that it fails to make clear whether the persons for whom it seeks identification must be "natural persons" or whether "persons" also includes corporations, partnerships, and other business forms. Defendant construes the Interrogatory as pertaining to checks written by natural persons and has used a search filter reasonably calculated to separate natural persons from persons generally. However, Defendant cannot warrant that its response is limited only to natural persons. TRS further objects to the extent that the disclosure of the information in question implicates potential privacy interests of the persons to whom it relates, or is regulated by the FDCPA, the Graham-Leach-Bliley Act, or other law.

22

Subject to and without waiving the foregoing objections, and consistent with the Court's Order of August 26, 2011, Defendant has provided a list of names and addresses to Plaintiffs for the limited and sole purpose of facilitating Plaintiffs' court-approved communication with potential class members.  Defendant's list is marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" and, as such, is subject to the provisions of the Confidentiality Order governing this case, as well as the additional restrictions in the Court's Order of August 26, 2011 and any further orders relating to such communications.

**Interrogatory No. 22**: Identify the person or persons at your company most knowledgeable in retrieving data from your computer database or databases concerning the number of form collections letters that Defendant sends to consumers as well as the money taken or collected by Defendant in connection with its collection efforts.

**Objections and Answers to Interrogatory No. 22**: TRS objects to Interrogatory No. 22 because it exceeds the scope of the current phase of discovery, and to the extent that it seeks information that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.  Additionally, the following aspects of the Interrogatory are vague and/or unduly burdensome:

- The Interrogatory is unduly burdensome to the extent that it concerns any alleged form communication letter other than those reflected by Exhibits A through C to Plaintiff's Complaint.

- The Interrogatory is vague to the extent it concerns persons "most knowledgeable" of any aspect of Defendant's business activities.

Subject to and without waiving the foregoing objections Clinton Schramek and Brian Sarver are reasonably knowledgeable concerning, respectively, the retrieval of collections data and the retrieval of letters data.

**Interrogatory No. 23**: Identify every communication and every person who, within the previous five years, recommended any changes to the substance or form of TRS Recovery Services, Inc. communications similar in form to Exhibit A to Plaintiff's Complaint.

**Objections and Answers to Interrogatory No. 23**: TRS objects to Interrogatory No. 23 because it exceeds the scope of the current phase of discovery; to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the discovery of admissible evidence, and of a proprietary or confidential nature; and because it seeks information that is protected by the attorney-client privilege or work-product doctrine. TRS further objects on the grounds that the Interrogatory is overbroad to the extent that it requests "every communication" and "every person."

Subject to and without waiving the foregoing objections, Cheryl Cummins, Brian Connolly, Denise Hossler, Mike Mafouz, and Marcy Olney are current employees of Defendants who, in the course of their duties, may recommend changes to the document attached as Exhibit A to Plaintiff's Complaint.

**Interrogatory No. 24**: State your net worth.

**Objections and Answers to Interrogatory No. 24**: TRS objects to Interrogatory No. 24 because it exceeds the scope of the current phase of discovery, is unduly burdensome to the extent that it requires Defendant to disaggregate the net worth of TeleCheck and TRS, and to the extent that it seeks information that is irrelevant, not reasonably calculated to lead to the

24

discovery of admissible evidence, and of a proprietary or confidential nature.  The Interrogatory is vague to the extent that it provides no definition of "net worth."

Subject to and without waiving the foregoing objections, Defendant states that for purposes of class certification, it does not contend that the statutory cap on damages under the FDCPA as a function of its net worth renders a class action inferior to any other method of adjudication.

**Interrogatory No. 25**: Provide in detail the factual bases for each of your affirmative defenses as enumerated in your Answer.

**Objections and Answers to Interrogatory No. 25**: TRS objects to Interrogatory No. 25 because it exceeds the scope of the current phase of discovery.  TRS further objects to Interrogatory No. 25, because a request for the basis of all a party's claims or defenses is overbroad and not a proper contention interrogatory.  TRS further objects to Interrogatory No. 25 because it exceeds the 25 interrogatory limit set forth in Fed. R. Civ. P. 33(a)(1), when all subparts of these Interrogatories are counted.

DATED:      October 10, 2011

AS TO OBJECTIONS:

/s/Clifford H. Ruprecht
Clifford H. Ruprecht
Nolan L. Reichl, *pro hac vice*
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME  04101
(207) 791-1100
cruprecht@pierceatwood.com
nreichl@pierceatwood.com

Donald R. Frederico, *pro hac vice*
PIERCE ATWOOD LLP
100 Summer Street
Suite 2250
Boston, MA 02110
(617) 488-8100
dfrederico@pierceatwood.com

*Attorneys for Defendants TRS Recovery Services,*
*Inc. and TeleCheck Services, Inc.*

AS TO ANSWERS:

I have reviewed the Answers to the Interrogatories set forth above and, based on information that
I have learned and/or that is reasonably available to me and that I believe to be true, state that
they are true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 10, 2011.

Denise Hossler
TRS Recovery Services, Inc.
5251 Westheimer Road
Houston, TX  77056

26

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


**CERTIFICATE OF SERVICE**


      I, Nolan L. Reichl, Esq., hereby certify that over the course of October 10, 2011 and October 11, 2011, I sent by electronic and regular mail a copy of the within Second Supplemental Response to Plaintiff's First Set of Interrogatories to the following:


                                    LEWIS SAUL
                                    KEVIN FITZGERALD
                                    JON HINCK
                                    LEWIS SAUL & ASSOCIATES, P.C.
                                    183 Middle Street, Suite 200
                                    Portland, ME  04101
                                    (207) 874-7407

                                    JAMES A. FRANCIS, *pro hac vice*
                                    JOHN SOUMILAS, *pro hac vice*
                                    FRANCIS & MAILMAN, P.C.
                                    Land Title Building, 19th Floor
                                    100 South Broad Street
                                    Philadelphia, PA 19110
                                    (215) 735-8600

                                    *Attorneys for Plaintiff and the Classes*


Dated: October 10, 2011


                                    /s/ Nolan L. Reichl
                                    Nolan L. Reichl
                                    PIERCE ATWOOD LLP
                                    Merrill's Wharf
                                    254 Commercial Street
                                    Portland, ME  04101
                                    (207) 791-1100
                                    nreichl@pierceatwood.com

                                    *Attorneys for Defendants TRS Recovery Services,*
                                    *Inc. and TeleCheck Services, Inc.*