# EXHIBIT B

Case 2:11-cv-00091-DBH   Document 69-2   Filed 10/29/12   Page 2 of 8   PageID #: 1052

LaRocque, et al., v. TRS Recovery Services, et al.                    DENISE HOSSLER, 8/24/11

Page 1

```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF MAINE


JEAN LaROCQUE, by and through       )
her appointed Power of Attorney,    )
DEIDRE SPANG, on behalf of herself  ) Civil Action
and all others similarly situated,  )   No. 11-91
                                    )
        Plaintiff,                  )
                                    )
v.                                  )
                                    )
TRS RECOVERY SERVICES, INC.,        )
et al.                              )
                                    )
        Defendants.                 )
```

                    ORAL VIDEOTAPED DEPOSITION

                          DENISE HOSSLER

                         AUGUST 24, 2011

                             VOLUME 1


     ORAL VIDEOTAPED DEPOSITION OF DENISE HOSSLER,
produced as a witness at the instance of the Plaintiff
and duly sworn, was taken in the above-styled and
numbered cause on August 24, 2011, from 10:26 a.m. to
4:38 p.m., before Jill M. Vaughan, Certified Shorthand
Reporter in and for the State of Texas, reported by
computerized stenotype machine at the offices of Caddell
& Chapman, 1331 Lamar Street, Suite 1070, Houston, Texas,
pursuant to the Federal Rules of Civil Procedure and the
provisions stated on the record or attached hereto.


                 SUMMIT COURT REPORTING, INC.
           Certified Court Reporters and Videographers
                 1500 Walnut Street, Suite 1610
                Philadelphia, Pennsylvania 19102
           424 Flemming Pike, Hammonton, New Jersey 08037
              (215)985-2400*(609)576-3315*(800)447-8648
                        www.summitreporting.com

Case 2:11-cv-00091-DBH   Document 69-2   Filed 10/29/12   Page 3 of 8   PageID #: 1053

LaRocque, et al., v. TRS Recovery Services, et al.                    DENISE HOSSLER, 8/24/11

Page 57

1    letter that goes out is not in any way initiated by
2    TRS?
3             MR. RUPRECHT:  Objection to the form.
4         A.   Oh, it's initiated by TRS because that's how
5    we have the strategy set up in AIM.
6         Q.   (By Mr. Francis) Okay.  But it's not
7    something that is prompted by a TRS employee,
8    correct?  It's an automatic queue for a letter to go
9    out from the AIM system; is that correct?
10            MR. RUPRECHT:  Objection to form.
11        A.   That's correct.
12        Q.   (By Mr. Francis) And would I be correct in
13   stating that when those letters, the first letters
14   go out that are prompted by AIM, nobody at TRS
15   reviews that letter before it goes out, correct?
16        A.   The letters aren't reviewed by TRS because
17   TRS has -- you know, again, I'm not a systems person;
18   but there are many queues in AIM that determine the
19   letter that's to be sent out and the timing.  If
20   there's an address and based on the reason code from
21   the bank that was received, which is all housed in
22   AIM, it will determine the letter that's to go out.
23        Q.   Do you know the name or title of that first
24   letter?  What do you refer to it as?
25        A.   If there is a name on the account and the

Case 2:11-cv-00091-DBH   Document 69-2   Filed 10/29/12   Page 4 of 8   PageID #: 1054

LaRocque, et al., v. TRS Recovery Services, et al.                          DENISE HOSSLER, 8/24/11

Page 58

1    bank has given a reason code that is a bankable reason
2    code, it's not a closed account or a stop payment, if
3    it's a nonsufficient fund or refer to maker, the first
4    notice will be notice of redeposit.
5              MR. FRANCIS:  Would you mark this as
6    Plaintiff's Exhibit 2, please.
7                   (Exhibit 2 marked.)
8         Q.   (By Mr. Francis) All right, ma'am.  The
9    court reporter has just handed you a document that's
10   been marked as Plaintiff's Exhibit 2.  It should
11   have a bunch of documents attached to it.  Do you
12   have that?
13        A.   Yes, I do.
14        Q.   What I'd like to do is turn your attention
15   to the first --
16             MR. RUPRECHT:  Just so the record is clear,
17   a bunch of documents attached, two pages stapled
18   together double-sided.  It's got three pages total.
19        Q.   (By Mr. Francis) You should have three
20   form letters, correct?
21        A.   I have one.
22        Q.   I'm sorry, I'm sorry, I apologize.  That's
23   fine.  That's right.  You're correct.  For the record
24   Plaintiff's Exhibit 2 contains one form letter,
25   correct?

Case 2:11-cv-00091-DBH   Document 69-2   Filed 10/29/12   Page 5 of 8   PageID #: 1055

LaRocque, et al., v. TRS Recovery Services, et al.                    DENISE HOSSLER, 8/24/11

Page 59

1     A.   Correct.
2     Q.   We were just talking about the first letter
3  that goes out in the usual sequence, the usual
4  collection sequence prompted by AIM.  Does this letter
5  which appears to have a date of March 15th, 2010, do
6  you recognize this letter?
7     A.   Yes.
8     Q.   Is this a standard first letter, a notice of
9  redeposit that you're referring about?
10    A.   If a bank has indicated the return reason is
11 a bankable reason, yes.
12    Q.   You've seen letters like this before,
13 correct?
14    A.   Yes.
15    Q.   This is standardized form language that is
16 used by your company, correct?
17    A.   Yes.
18    Q.   And this is its form letter, correct?
19    A.   For these types of situations, yes.
20    Q.   At the lower, right-hand portion of the page
21 there is a notation RECR3.  Do you see that?
22    A.   Uh-huh, yes.
23    Q.   That's a code?
24    A.   That is the name of this letter.
25    Q.   What do you call it REC3?

Case 2:11-cv-00091-DBH   Document 69-2   Filed 10/29/12   Page 6 of 8   PageID #: 1056

LaRocque, et al., v. TRS Recovery Services, et al.                    DENISE HOSSLER, 8/24/11

Page 60

1     A.   RECR3.

2     Q.   RECR3?

3     A.   Uh-huh.

4     Q.   And what is a RECR3 letter used for?

5     A.   This letter is used when a debt comes into
6  the office, we have a name and an address and the bank
7  has given us a reason code that's a bankable reason
8  code.

9     Q.   Okay.  And for that situation is this letter
10 a typical representation of an RECR3 letter?

11    A.   This is the RECR3 letter, yes.

12    Q.   So, other letters like this go out and have
13 gone out in the past, correct?

14    A.   RECR3 letters are sent to situations that
15 line up the way I stated.

16    Q.   Anything unusual or atypical about this
17 letter for that situation?

18    A.   Well, this one looks like -- no, this is the
19 first one.

20    Q.   Okay.  In conducting the investigation that
21 you did in preparation for this deposition, are you
22 able to tell me that this is the letter that -- the
23 first letter that was sent to Ms. LaRocque in this
24 case?

25    A.   Yes, it was.

Case 2:11-cv-00091-DBH   Document 69-2   Filed 10/29/12   Page 7 of 8   PageID #: 1057

LaRocque, et al., v. TRS Recovery Services, et al.                    DENISE HOSSLER, 8/24/11

Page 171

```
 1              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MAINE
 2
       JEAN LaROCQUE, by and through      )
 3     her appointed Power of Attorney,   )
       DEIDRE SPANG, on behalf of herself ) Civil Action
 4     and all others similarly situated, )   No. 11-91
                                          )
 5              Plaintiff,                )
                                          )
 6     v.                                 )
                                          )
 7     TRS RECOVERY SERVICES, INC.,       )
       et al.                             )
 8                                        )
                Defendants.               )
 9
10                   REPORTER'S CERTIFICATION

11                          FOR  THE

12       ORAL/VIDEOTAPED DEPOSITION OF DENISE HOSSLER

13         I, Jill M. Vaughan, Certified Court Reporter in

14     and for the State of Texas, do hereby certify that

15     this deposition transcript is a true record of the

16     testimony given by the witness named herein, after

17     said witness was duly sworn/affirmed by me.

18         I further certify that I am neither attorney nor

19     counsel for, related to, nor employed by any of the

20     parties in the action in which this proceeding was taken,

21     and further that I am not financially or otherwise

22     interested in the outcome of this action.

23          Further certifications requirements pursuant to

24     the Rules will be certified to after they have occurred.

25
```

```
 1       Subscribed and sworn to on this  7th  day of
 2   September, 2011.
 3
                    Jill M. Vaughan
 4           Jill M. Vaughan, CSR
             Expiration:  12-31-11
 5           Summit Court Reporting, Inc.
             1500 Walnut Street, Suite 1610
 6           Philadelphia, Pennsylvania 19102
             424 Fleming Pike
 7           Hammonton, New Jersey 08037
             (215)985-2400
 8           (609)567-3315
             (800)447-8648
 9           www.summitreporting.com
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```