# EXHIBIT C

Case 2:11-cv-00091-DBH   Document 69-3   Filed 10/29/12   Page 2 of 10   PageID #: 1060

LaRocque, et al., v. TRS Recovery Services, et al.                    CLINTON SCHRAMEK, 11/10/11

Page 1

```
         IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MAINE


JEAN LaROCQUE, by and through      )
her appointed Power of Attorney,   )
DEIDRE SPANG, on behalf of herself ) Civil Action
and all others similarly situated, )  No. 11-91
                                   )
        Plaintiff,                 )
                                   )
v.                                 )
                                   )
TRS RECOVERY SERVICES, INC.,       )
et al.                             )
                                   )
        Defendants.                )
```

                ORAL VIDEOTAPED DEPOSITION

                    CLINTON SCHRAMEK

                   NOVEMBER 10, 2011

                      VOLUME 1


     ORAL VIDEOTAPED DEPOSITION OF CLINTON SCHRAMEK,
produced as a witness at the instance of the Plaintiff
and duly sworn, was taken in the above-styled and
numbered cause on November 10, 2011, from 10:05 a.m. to
1:06 p.m., before Jill M. Vaughan, Certified Shorthand
Reporter in and for the State of Texas, reported by
computerized stenotype machine at the offices of Caddell
& Chapman, 1331 Lamar Street, Suite 1070, Houston, Texas,
pursuant to the Federal Rules of Civil Procedure and the
provisions stated on the record or attached hereto.


              SUMMIT COURT REPORTING, INC.
        Certified Court Reporters and Videographers
              1500 Walnut Street, Suite 1610
              Philadelphia, Pennsylvania 19102
       424 Flemming Pike, Hammonton, New Jersey 08037
        (215) 985-2400 * (609) 576-3315 * (800)447-8648
                   www.summitreporting.com

Case 2:11-cv-00091-DBH   Document 69-3   Filed 10/29/12   Page 3 of 10   PageID #: 1061

LaRocque, et al., v. TRS Recovery Services, et al.                CLINTON SCHRAMEK, 11/10/11

Page 58

1              Did you do that search for No. 9, or
2     did Mr. Sarver?
3              MR. RUPRECHT:  Object to form.
4         A.   We need to --
5         Q.   (By Mr. Soumilas) Now, Interrogatory No.
6     9 --
7         A.   I need to clarify something.  Sarver
8     performed the initial search for the data population.
9         Q.   Yes, sir.
10        A.   And I refined that data population.
11        Q.   I'm sorry, you refined it?
12        A.   Yes, to remove nonperson and also to
13    remove -- for Interrogatory 5, 7 and 9 he provided a
14    data set; and then I removed the nonpertinent
15    information, which would be corporate entities or
16    businesses that were not individuals.
17        Q.   Okay.  So, you personally worked in
18    answering some of these Interrogatories 5, 7 and 9 in
19    conjunction with Mr. Sarver?
20        A.   Yes.
21        Q.   He did the initial search; and then you want
22    to narrow it down to remove transactions that related
23    to businesses, not persons?
24        A.   Yes.
25        Q.   Did you narrow it down in any other way?

Case 2:11-cv-00091-DBH   Document 69-3   Filed 10/29/12   Page 4 of 10   PageID #: 1062

LaRocque, et al., v. TRS Recovery Services, et al.                    CLINTON SCHRAMEK, 11/10/11

Page 59

1    A.   For 5 and 7, no, for 9, the 30-day -- within
2    30-day stipulation was applied.
3    Q.   So, did you apply that?
4    A.   Yes.
5    Q.   So, basically you are looking now for not
6    only the sending out of Letter A to somebody in Maine
7    who is not a business but a person, but in addition to
8    that that there would be some type of payment
9    collected from that person within the first 30 days.
10   Is that fair to say?
11   A.   Yes.
12   Q.   And you did that refined search within the
13   database?
14   A.   I retrieved information from the database
15   and did the calculations within Excel.
16   Q.   Could you explain that a little further,
17   what you mean by you did calculations within Excel?
18   A.   To determine if the fee was or an amount was
19   collected within 30 days, I wrote a formula to do the
20   math and tell me if the specific item was collected
21   within that duration.
22   Q.   Looking at the Interrogatory No. 9, so, we
23   have people receiving Letter A and having some funds
24   collected within their first 30 days, that number is
25   538, correct?

Case 2:11-cv-00091-DBH   Document 69-3   Filed 10/29/12   Page 5 of 10   PageID #: 1063

LaRocque, et al., v. TRS Recovery Services, et al.                CLINTON SCHRAMEK, 11/10/11

Page 77

1   his testimony.
2        A.   Providing the criteria, I would expect them
3   to be there, providing the circumstance I have reason
4   to believe that they would not show up.
5        Q.   (By Mr. Soumilas) And the circumstances
6   you think is something in her particular record was
7   changed?
8        A.   Either her record or the timing.
9        Q.   Do you know whether anything in any other
10  person's record changed that might have excluded them
11  from one of these lists?
12       A.   It's potential that an item could be updated
13  and paid and then returned and it did not really pay
14  and, so, it is hard to calculate that.
15       Q.   Let's move on to Interrogatory No. 11,
16  please.  So, we're still now within the same
17  supplemental interrogatory.  So, I'll remind you
18  that's Exhibit 36, for these proceedings; and No. 11
19  asks for the same type of search as No. 9; namely,
20  having received Letter A and some funds having been
21  collected within 30 days, but nationally instead of
22  just the state of Maine.  Do you see that?
23       A.   Yes.
24       Q.   And there is not an answer to that
25  interrogatory because the explanation is that it would

Case 2:11-cv-00091-DBH   Document 69-3   Filed 10/29/12   Page 6 of 10   PageID #: 1064

LaRocque, et al., v. TRS Recovery Services, et al.                    CLINTON SCHRAMEK, 11/10/11

Page 78

1    be a burdensome manual process.
2         A.   Correct.
3              MR. RUPRECHT:  Which one are we on?
4              MR. SOUMILAS:  No. 11.
5              MR. RUPRECHT:  It's beyond the scope of the
6    designated topics.
7         Q.   (By Mr. Soumilas) Okay.  With respect to
8    the query that you did for Interrogatory No. 9, that
9    we just spoke about, having to do with residents in
10   Maine, how long did it take you to create the Excel
11   spreadsheet with names and addresses?
12             MR. RUPRECHT:  Objection to the form.
13        A.   I did not record how long it took.
14        Q.   (By Mr. Soumilas) Could you approximate
15   whether it took you 10 to 15 minutes, an hour, three
16   days?
17             MR. RUPRECHT:  Objection to form and
18   foundation.
19        A.   I do not have any idea.
20        Q.   (By Mr. Soumilas) Did you do it manually,
21   or did the computer generate the lists on its own?
22             MR. RUPRECHT:  Objection to form.
23        A.   The computer generates a Excel spreadsheet
24   with whatever data I tell it to return and then from
25   there, I manipulate in Excel.

Case 2:11-cv-00091-DBH   Document 69-3   Filed 10/29/12   Page 7 of 10   PageID #: 1065

LaRocque, et al., v. TRS Recovery Services, et al.                      CLINTON SCHRAMEK, 11/10/11

Page 79

1   Q.   (By Mr. Soumilas) As a process admin,
2   you've told me you've done queries for data sets
3   before, correct?
4   A.   Yes.
5   Q.   So, when the data set would return as many
6   as 553 entries on Excel, how long does that typically
7   take?
8       MR. RUPRECHT:  Objection, form and
9   foundation beyond the scope of designation -- beyond
10  the scope of designated topics.
11      MR. SOUMILAS:  I don't think it's beyond the
12  topic's scope.  I think that has to do with the
13  capacities of the system to search.  So, I'm going to
14  ask him to answer.
15  A.   It's circumstantial in nature of the search.
16  Q.   (By Mr. Soumilas) From your experience how
17  long would it take, that type of search --
18      MR. RUPRECHT:  Objection.
19  Q.   (By Mr. Soumilas) -- for 550 or so names
20  and addresses?
21      MR. RUPRECHT:  Objection, form and
22  foundation.  Beyond the scope of his designated
23  topics, and now it's been asked and answered.
24  Q.   (By Mr. Soumilas) Go ahead, sir.  You can
25  still answer it.  Go ahead, please.

Case 2:11-cv-00091-DBH   Document 69-3   Filed 10/29/12   Page 8 of 10   PageID #: 1066

LaRocque, et al., v. TRS Recovery Services, et al.                    CLINTON SCHRAMEK, 11/10/11

Page 80

1   A.   It would depend on the criteria.
2   Q.   Would you agree with me that the answer to
3   No. 11 must be higher than 538?
4   A.   Yes.
5   Q.   Would you expect it to be something in the
6   order of 50 times the number of 538?
7   A.   No.
8   Q.   What would you expect it to be?
9   A.   Maybe 200 times.
10  Q.   And why do you say that?
11  A.   Because Maine is a small state and there's
12  other larger populated states.
13  Q.   The names and addresses that you received
14  with respect to answering Interrogatory No. 9 for
15  persons in Maine, who received Letter A and that had
16  some funds collected, that was from which database,
17  please?
18  A.   Data Warehouse was the information I
19  derived, and the list that I received was from another
20  source.
21  Q.   What's the other source?
22  A.   It is -- I do not know the name, but I know
23  that it's a location where we store the letter
24  information.
25  Q.   How would you describe it internally if you

Case 2:11-cv-00091-DBH  Document 69-3  Filed 10/29/12  Page 9 of 10  PageID #: 1067

LaRocque, et al., v. TRS Recovery Services, et al.                CLINTON SCHRAMEK, 11/10/11

Page 125

```
              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF MAINE

  JEAN LaROCQUE, by and through        )
  her appointed Power of Attorney,     )
  DEIDRE SPANG, on behalf of herself   ) Civil Action
  and all others similarly situated,   )  No. 11-91
                                       )
            Plaintiff,                 )
                                       )
  v.                                   )
                                       )
  TRS RECOVERY SERVICES, INC.,         )
  et al.                               )
                                       )
            Defendants.                )
```

    REPORTER'S CERTIFICATION FOR THE ORAL/VIDEOTAPED

          DEPOSITION OF CLINTON SCHRAMEK

     I, Jill M. Vaughan, Certified Court Reporter in

and for the State of Texas, do hereby certify that

this deposition transcript is a true record of the

testimony given by the witness named herein, after

said witness was duly sworn/affirmed by me.

     I further certify that I am neither attorney nor

counsel for, related to, nor employed by any of the

parties in the action in which this proceeding was taken,

and further that I am not financially or otherwise

interested in the outcome of this action.

      Further certifications requirements pursuant to

the Rules will be certified to after they have occurred.

**CLINTON SCHRAMEK**

1  Subscribed and sworn to on this _22_ day of
2  _November_, _2011_.
3
4  _Jill M. Vaughan_
   Jill M. Vaughan, CSR
   Expiration: 12-31-11
5  Summit Court Reporting, Inc.
   1500 Walnut Street, Suite 1610
6  Philadelphia, Pennsylvania 19102
   424 Fleming Pike
7  Hammonton, New Jersey 08037
   (215)985-2400
8  (609)567-3315
   (800)447-8648
9  www.summitreporting.com
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25