# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| **JEAN LaROCQUE,** *by and through her appointed Power of Attorney,* DEIDRE SPANG, *on behalf of herself and all others similarly situated***,**<br><br>PLAINTIFF<br><br>v.<br><br>**TRS RECOVERY SERVICES, INC. AND TELECHECK SERVICES, INC.,**<br><br>DEFENDANTS | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)      No. 2:11-cv-91-DBH |

## DECISION ON DEFENDANTS' MOTION TO EXPAND CLASS

The plaintiff Jean LaRocque sued the defendants in this court on a variety of federal and state law claims arising from the defendants' check collection procedures. On July 17, 2012, I ruled that I would certify three of her proposed four classes under Fed. R. Civ. P. 23(b)(3). Decision on Mot. for Class Certification (ECF No. 56). The defendants now have moved to expand the first of these classes ("Class One") from a class of Maine residents to a nationwide class, while preserving their objection to any class at all. After reviewing the memoranda submitted and after oral argument on December 10, 2012, I **DENY** the defendants' motion.

**ANALYSIS**

The defendants' central premise is that the Maine-limited scope of Class One "circumvent[s] the statutory cap on damages set forth in the Fair Debt Collection Practices Act," 15 U.S.C. § 1692k.  Defs.' Mem. in Support of Mot. to Expand Class ("Defs.' Mem.") 3 (ECF No. 66).   The FDCPA limits statutory damages in class actions to $1,000 per named plaintiff and "such amount as the court may allow for all other class members . . . not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector . . . . 15 U.S.C. § 1692k(a)(2)(B).  But the plaintiff's lawyers have filed putative state-wide class action lawsuits in four districts other than Maine, making the same federal claim as that made in Class One for Maine residents in this court.[1]   The defendants say that "allowing counsel free rein to file as many class actions as they choose in order to continually reset the cap would have the effect of writing the cap out of the statute."  Id. at 10.

In Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997), the Seventh Circuit found nothing in § 1692k that precluded certification of a statewide-only class or that imposed a single damages cap upon a series of such actions.   The Seventh Circuit reached this conclusion largely by contrasting § 1692k(a)(2)(B)(ii) with the damages cap in the related Truth in Lending Act ("TILA"), 15 U.S.C. § 1640(a)(2)(B).  The TILA caps damages "in any class action or *series of class actions*" (emphasis added)—language

---

[1] The plaintiffs have filed a motion before the Panel on Multidistrict Litigation to transfer and consolidate each of these actions in this District, and the Panel has scheduled oral argument for January 31, 2013. Hr'g Order, United States Judicial Panel on Multidistrict Litigation MDL No. 2426 (ECF No. 4).

conspicuously absent from § 1692k(a)(2)(B)(ii).  See Mace, 109 F.3d at 342-43 (declining to read the TILA provision into the FDCPA).  Mace accordingly reversed the district court, which, like the defendants here, had reasoned that "if the damage cap of $500,000 can be applied anew to a series of state-wide (or otherwise limited) class actions, the damage limitation would become meaningless."  Id. at 344.  Three years after Mace, the Seventh Circuit reiterated this conclusion in Sanders v. Jackson, 209 F.3d 998, 1002 (7th Cir. 2000), stating that "there is no provision that limits defendants being exposed to more than one FDCPA class action lawsuit, which is exactly what happened to the defendant in this case."  A number of district courts have followed Mace and certified statewide classes against similar objections by defendants.  See, e.g., Lewis v. ARS Nat'l Servs., Inc., 2011 WL 3903092, at *5-7 (M.D. Ala. Sept. 6, 2011); Hubbard v. M.R.S. Assocs., Inc., 2008 WL 5384294, at *3-4 (S.D. Ind. Dec. 19, 2008); Nichols v. Northland Groups, Inc., 2006 WL 897867, at *8-11 (N.D. Ill. Mar. 31, 2006); Mailloux v. Arrow Fin'l Servs. LLC, 204 F.R.D. 38, 43 (E.D.N.Y. 2001) (certifying a statewide class even when another class action based on the same collection letter had been filed in another state); Brink v. First Credit Res., 185 F.R.D. 567, 573 (D. Ariz. 1999) (concluding "that a nationwide class would be a disservice to the potential plaintiffs because the group as a whole might obtain a larger total recovery by maintaining several class actions rather than only one"); cf. Zimmerman v. Zwicker & Assocs., P.A., 2011 WL 65912, at *4-6 (D.N.J. 2011) (rejecting as unfair a proposed settlement between the defendant and a nationwide class of plaintiffs when it

3

remained possible that the plaintiffs could have recovered more in a series of state-by-state class actions).  In fact, there are no cases to the contrary.[2]

It is true that Mace recognized that "the case before us does not now present multiple or serial class actions to recover for the same misconduct . . . If and when multiple serial class actions are presented, it will be time enough to rule on such a pattern."  109 F.3d at 344.  According to the defendants, "[t]his case presents the situation that the Seventh Circuit in Mace envisioned but did not address: the filing of multiple FDCPA class actions asserting identical claims."  Defs.' Mem. at 8.  In the wake of Mace, however, courts have allowed multiplicative class actions with both chronologically distinct classes, see, e.g., Nichols, 2006 WL 897867 (two classes of plaintiffs in the same state who received the same letter at different periods), and geographically distinct classes, see, e.g., Mailloux, 204 F.R.D. at 38 (two identical classes of plaintiffs in different states). The defendants have found no cases holding that § 1692k(a)(2)(B)(ii) *requires* certification of a nationwide class.

To the extent that the defendants request that this court certify a nationwide class as a matter of judicial discretion, I decline to do so.[3]  If the plaintiff is able to establish the defendants' liability, my discretion will be

---

[2] The defendants cite Campos v. W. Dental Servs., Inc., 404 F. Supp. 2d 1164, 1173 (N.D. Cal. 2005), Defs.' Mem. at 11, but Campos denied certification of a *countywide* class of about 250 members rather than a statewide class.  It is easy to understand why the court concluded that the plaintiff had failed to satisfy the "superiority" requirement of Rule 23(b)(3) in making such a proposal that could produce "a multitude of potential lawsuits." Id. at 1172-73.

[3] I observe that the defendants have declined to waive any objection to my certification of Class One.  If I now grant their motion to enlarge Class One while they continue to object to class certification, it would certainly present a confusing issue to the court of appeals on any interlocutory appeal under Fed. R. Civ. P. 23(f).  I ruled that the plaintiff satisfied the Rule 23 requirements as to her proposed Class One.  The defendants are not proposing that their broadened Class One meets the Rule 23 standard.

4

invoked at the time of determining statutory damages.[4]   Then, the defendants can point to the size of the class and the pendency of lawsuits in other jurisdictions (assuming that the MDL Panel has not placed them all before a single judge).   Nothing in the statute requires that a court set statutory damages at the maximum allowed.

### ORDER

The defendants' motion to expand Class One is hereby **DENIED**.   In light of the motion pending before the Panel on Multidistrict Litigation to transfer four additional cases from other jurisdictions to this District, I will defer entering a certification order or providing for notice to class members until the Panel issues its decision on whether to transfer and, if so, to which district.

**SO ORDERED.**

**DATED THIS 2ND DAY OF JANUARY, 2013**

/s/D. Brock Hornby
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[4] Section 1692k(b)(2) provides that in determining the amount of damages in a § 1692k(a)(2)(B)(ii) class action, the court shall consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, the resources of the debt collector, *the number of persons adversely affected*, and the extent to which the debt collector's noncompliance was intentional" (emphasis added).

5